No. 25-2162
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT
_____

MAHMOUD KHALIL,
Petitioner-Appellee,

v.

PRESIDENT UNITED STATES OF AMERICA; DIRECTOR NEW YORK
FIELD OFFICE IMMIGRATION AND CUSTOMS ENFORCEMENT;
WARDEN ELIZABETH CONTRACT DETENTION FACILITY; DIRECTOR
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT;
SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
SECRETARY UNITED STATES DEPARTMENT OF STATE; ATTORNEY
GENERAL UNITED STATES OF AMERICA,
Respondents-Appellants.
_____

# REPLY IN SUPPORT OF MOTION TO STAY
# THE DISTRICT COURT'S ORDER PENDING APPEAL
_____

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney
General

DREW C. ENSIGN
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel for Immigration Litigation

ALANNA T. DUONG
DHRUMAN Y. SAMPAT
Senior Litigation Counsel

JOHN F. STANTON
Trial Attorney

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 2

    I.    The Government Is Likely to Succeed on the Merits ................................. 2

        A.  The INA stripped the district court of jurisdiction to review Petitioner's challenge to his detention or to order release. ......................... 2

        B.  The district court lacked habeas jurisdiction over the petition in the first place. ............................................................................................... 6

        C.  The district court erred in granting relief. .............................................. 8

    II.   The Equities and Public Interest Favor a Stay ............................................ 9

CONCLUSION ............................................................................................................. 11

CERTIFICATE OF COMPLIANCE AND BAR MEMBERSHIP

CERTIFICATE OF SERVICE

**INTRODUCTION**

The district court's order directing the release of Petitioner Mahmoud Khalil defies multiple provisions of the Immigration and Nationality Act ("INA") that strip district courts of any role in reviewing the kind of challenge to detention and removal that Petitioner raises here. By ignoring those limits—as well as additional limits on federal habeas jurisdiction—the district court upended Congress's carefully calibrated framework for channeling legal challenges to removal and detention through removal proceedings, with ultimate review in the courts of appeals.

The district court's intrusion into the operations of the immigration process has only escalated. Just yesterday, the court expanded its existing injunction to *directly control* the parallel immigration proceedings—compelling the immigration judge to vacate or amend her opinion holding Petitioner removable based on the Secretary of State's foreign-policy determination and prohibiting reliance on that ground in the removal proceedings. Doc. 355. That unprecedented intrusion into the immigration court's operations perfectly illustrates how far off-course this case has veered.

Jurisdiction aside, the district court badly erred in concluding that Petitioner met the requirements for bail. This Court's precedent requires both (1) a "substantial claim" with a "high probability of success," and (2) "extraordinary circumstances." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992). Yet the lower court *refused* to hold that Petitioner is likely to succeed in challenging to the document-fraud charge, and none of

1

Petitioner's purported harms rises to the level of "extraordinary circumstances." This Court should grant a stay pending appeal.

## ARGUMENT

### I. The Government Is Likely to Succeed on the Merits.

The district court erred thrice over—by intervening in ongoing immigration proceedings contrary to the INA, by exercising habeas jurisdiction contrary to equitable principles, and by granting bail contrary to this Court's precedent.

#### A. The INA stripped the district court of jurisdiction to review Petitioner's challenge to his detention or to order release.

The district court's order compelling Petitioner's release violates multiple INA provisions that channel all claims arising from the Executive's decision to commence removal proceedings to the courts of appeals, while precluding district courts from interjecting themselves in the interim. Mot.6-8, 12-16 (discussing 8 U.S.C. §§1226(e), 1252(b)(9), 1252(g)). The district court's refusal to adhere to Congress's judgment about the proper forum for claims attacking an alien's detention and removal warrants a stay pending appeal.

*First*, the court's order violates the INA's bar on judicial review of the Attorney General's discretionary decision to detain an alien pending removal proceedings. Mot.6-8; *see* 8 U.S.C. §1226(e) ("No court may set aside any action or decision by the Attorney General … regarding the detention of any alien."). Petitioner contends that this provision does not strip habeas jurisdiction over "constitutional challenges" to

discretionary detention decisions, Opp.13, but he identifies no decision of this Court (or the Supreme Court) so holding. He does not dispute that *Lucas v. Hadden*, 790 F.2d 365 (3d Cir. 1996), was not an immigration case and predated §1226(e) by years, *see* Mot.8, which is also true of *Johnston v. Marsh*, 227 F.2d 528 (3d Cir. 1955). Those cases could not speak to the scope of §1226(e). Nor did *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020).

Cases that do address §1226(e) make clear that it broadly "precludes an alien from challenging … a decision that the Attorney General has made regarding [an alien's] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 296 (2018); *see* Mot.7. Petitioner says *Jennings* "buttresses" his claim because it recognized that §1226(e) does not prohibit courts from reviewing challenges to the "extent of the Government's detention authority." Opp.14. But Petitioner is not asserting a "challenge[] to the statutory framework that permits" his detention, *Jennings*, 583 U.S. at 295; he is challenging the discretionary decision to detain him.[1] If that were reviewable, any detained alien would be able to evade §1226(e) by asserting that the Government had chosen to detain him for reasons forbidden by the First Amendment, Due Process Clause, or Eighth Amendment. That cannot be right. And the general purpose of

---

[1] *Nielsen v. Preap*, 586 U.S. 392, 401 (2019), and *Demore v. Kim*, 538 U.S. 510, 516-17 (2003), likewise involved constitutional challenges to statutory detention authority, not discretionary detention decisions.

3

habeas, Opp.14, cannot trump Congress's judgment in §1226(e) to shield those discretionary decisions from judicial review.

*Second*, the court's order is separately barred by §1252(g), which precludes district-court review of claims arising from a "decision or action" taken to "commence [removal] proceedings." Mot.12-13; *see Reno v. Am.-Arab Anti-Discrim. Comm.,* 525 U.S. 471, 482, 485 n.9 (1999). The Executive's decision to detain Petitioner in connection with removal proceedings falls squarely within the statute. *Tazu v. Att'y Gen.*, 975 F.3d 292, 298-99 (3d Cir. 2020) (challenge to detention in service of removal was precluded by §1252(g)). Petitioner claims *Tazu* is "inapposite" because it involved only a "brief" detention, Opp.18, but *Tazu* did not turn on the length of detention. 975 F.3d at 298-99. Nor does the text of §1252(g) support such a limit.

*Third*, the court's order is barred by the INA's "unmistakable zipper clause," which precludes district court review, including in habeas, of "all questions of law and fact … arising from any action taken or proceeding brought to remove an alien," and instead channels such challenges to the courts of appeals through petitions for review. 8 U.S.C. §§1252(a)(5), (b)(9); *see* Mot.12-15.

Petitioner says §1252(b)(9) does not apply because (at the time of the district court's decision) there was no final order of removal. Opp.15 (citing *Chehazeh v. Att'y Gen. of the U.S.*, 666 F.3d 118, 131-33 (3d Cir. 2012)). But after *Chehazeh*, this Court has applied §1252(b)(9) in the absence of a final order of removal. *E.O.H.C. v. Sec. of DHS*, 950 F.3d 177, 187-88 (3d Cir. 2020). That is consistent with longstanding precedent

4

holding that a "'final order' includes all matters on which the validity of the final order is contingent." *Duvall v. Elwood*, 336 F.3d 228, 233 (3d Cir. 2003).

Sections 1252(a)(5) and (b)(9) thus restrict judicial review of Petitioner's claims to this Court, through the petition for review process, after the immigration proceedings run their course. Petitioner's objection that a petition for review is inadequate conflates *immediate* review with *meaningful* review. Opp.15-16. Delayed review is a feature of the INA: "Congress *intended* to delay federal court review of claims by aliens against whom deportation proceedings have been instituted until the conclusion of the administrative proceedings," recognizing that "the courts of appeals generally may provide meaningful review." *Massieu v. Reno*, 91 F.3d 416, 417, 422 (3d Cir. 1996). Contrary to Petitioner's assertion, that review is adequate for "constitutional challenges to detention" too, Opp.16—as this Court's decision in *Tazu* illustrates. 975 F.3d at 299-300 (applying §1252(b)(9) to hold that alien must assert constitutional challenge to detention through a petition for review). That review is not made less adequate because Petitioner alleges constitutional harms "now," Opp.16; every detained alien could say same. And Petitioner is simply wrong that "immigration courts" cannot "develop a sufficient factual record for appellate review." Opp.16. Indeed, immigration courts routinely adjudicate constitutional claims. *See Tazu*, 975 F.3d at 299-300; *In re Christian Rodriguez*, 2015 WL 7074184 (BIA Oct. 20, 2015).

Petitioner's challenge to his detention thus falls squarely with §§1252(a)(5) and (b)(9). *Accord Jennings*, 583 U.S. at 317 (Thomas, J., concurring in the judgment) ("Claims

5

challenging detention during removal proceedings … fall within the heartland of §1252(b)(9).").

## B. The district court lacked habeas jurisdiction over the petition in the first place.

The district court's order is further unlawful because the petition failed to satisfy the prerequisites for habeas jurisdiction—it (1) was not filed in the district where Petitioner was then confined, and (2) did not name the proper custodian. Mot.9-12; *see Padilla v. Rumsfeld*, 542 U.S. 426, 434-35 (2004).

Like the district court, Petitioner relies on the transfer statute—28 U.S.C. §1631—to bypass *Padilla*'s "district of confinement" rule. As the Government explained, however, although §1631 allows courts to excuse some "technical obstacles," it cannot confer habeas jurisdiction on a court that otherwise lacks it. Mot.10. That is the case here.

Petitioner responds that *Padilla*'s requirements are not a barrier to §1631 because they are not found in the habeas statute and are subject to exceptions. Opp.10. But this Court has labeled *Padilla*'s requirements jurisdictional, *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 445 (3d Cir. 2021), and the fact that a jurisdictional requirement has built-in exceptions does not make it any less binding where—as here—those exceptions do not apply. Here, the petition was never filed in the district in which Petitioner was confined: the petition was filed in New York when Petitioner was in New Jersey, and Petitioner was in Louisiana before the petition arrived in New Jersey.

Mot.9. So the district court never acquired jurisdiction over the petition and §1631 cannot confer that jurisdiction. Mot.10. And because jurisdiction never vested in the district court, *Ex parte Endo*, 323 U.S. 283 (1944), has no role to play. Mot.11; *accord* Opp.10-11.

The petition also failed to satisfy *Padilla*'s second requirement to name the proper custodian. Mot.9. Petitioner says this requirement may be excused based on the "unknown custodian exception," Opp.11-12, but that exception applies only in the "limited and special circumstances" when the place of detention is unknown for a prolonged period. Mot.12. That was not the case here. Indeed, on March 9—the day after Petitioner was detained—the Government informed his counsel that he was being transferred to Louisiana. Add.109. Plaintiff's contrary view of the exception—that it applies if counsel is unaware of the alien's location for *any* length of time—would swallow the rule. *Dvortsin v. Noem*, 2025 WL 1751968, at \*5 (D. Colo. June 12, 2025) (predicating jurisdiction on the fact that counsel does not know where an alien is at a given moment "could be used to subvert the [*Padila*] rule"). It would also encourage forum-shopping, allowing counsel to use even the briefest period during which an alien's location is unknown to file a habeas petition in a favorable district. *See United States v. Poole*, 531 F.3d 263, 273-74 (4th Cir. 2008).[2]

---

[2] Petitioner says that he cured this defect by amending the petition to name the warden of the New Jersey facility. Opp.11. But at the time of amendment, Petitioner was in Louisiana. Like §1631, Rule 15 cannot retroactively confer habeas jurisdiction. In any

7

## C. The district court erred in granting relief.

Separate from jurisdiction, the district court erred in ordering Petitioner's release. Mot.16-18. To qualify for bail pending resolution of a habeas claim, Petitioner must show (1) "substantial constitutional claims upon which he has a high probability of success"; and (2) that "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Landano*, 970 F.2d at 1239. Petitioner established neither.

He argues that *Lucas* requires only extraordinary circumstances, not a "high probability of success." Opp.20. That is wrong—*Lucas* held that bail may not be granted "*solely* on the ground that there is a high likelihood of success on the merits," 790 F.2d at 367 (emphasis added)—in other words, likely success is not *sufficient* but remains *necessary*, as *Landano* later confirmed. Petitioner says *Landano* is a "poor fit" for the civil immigration context, but *Landano* cited *Lucas*, *see* 970 F.2d at 1239, and both cases involved "post-conviction habeas adjudication." Opp.21. Petitioner cannot embrace one while rejecting the other.

Petitioner next says he satisfied *Landano*'s first requirement because the district court opined on his due process claim, Opp.20-21, but the court repeatedly stated that Petitioner has *not* shown likelihood of success on the document-fraud charge. Add.60.

---

event, an amendment naming the proper custodian does not cure Petitioner's failure to file the petition in the district of confinement.

8

To be sure, the court concluded that "there is at least something to" Petitioner's claim, Add.61, but whatever the merits of that at-least-merely-colorable conclusion, it does not constitute the "high probability of success" that *Landano* requires.

In any event, Petitioner's is not one of the "[v]ery few cases [to] have presented extraordinary circumstances." *Landano*, 970 F.2d at 1239; *see* Mot.17-18. Petitioner makes no argument that his "continued detention" would "affect [the] Court's ultimate consideration of the legal issues presented." Mot.18 (quoting *Elkimya v. U.S. DHS*, 484 F.3d 151, 154 (2007)). Instead, he says he met his burden by showing an absence of flight risk, lack of danger to others, and the like. Opp.19. Although those grounds may justify release or bail after an *arrest*, they fall short of the "extraordinary circumstances" standard required for *habeas* relief. *See, e.g., Cordaro v. United States*, 2017 WL 3839916, at *4 (M.D. Pa. Sept. 1, 2017); *United States v. Enigwe*, 2003 WL 151385, at *7 (E.D. Pa. Jan. 14, 2003) (same). So does a desire to reunite with family, *see Ousman v. Decker*, 2020 WL 1847704, at *2 (D.N.J. Apr. 13, 2020); *accord Acosta v. Gaffney,* 558 F.2d 1153, 1156-58 (3d Cir. 1977), and alleged constitutional violations, *see, e.g., Draucker v. Pennsylvania*, 2023 WL 5003234, at *1 (W.D. Pa. Aug. 4, 2023); *accord Smith v. INS*, 585 F.2d 600, 602 (3d Cir. 1978).

## II. The Equities and Public Interest Favor a Stay.

The remaining stay factors also favor the Government. Mot.18-19. Petitioner says that the Government is not irreparably harmed because no statute of Congress is being enjoined, *see* Opp.22-23, but the district court's release order indisputably intrudes

9

on the Executive's prerogative to implement the immigration laws, including the provisions of the INA that give the Attorney General power to detain aliens pending removal. 8 U.S.C. §1126(a); *see Trump v. CASA, Inc.*, 606 U.S. ---, 2025 WL 1773631, at *14-15 (2025). And the district court's order further impairs the public interest by prohibiting the Government from monitoring Petitioner and imposing traditional check-in requirements during his release.

The district court's intrusion into the immigration court's management of its docket is not only severe, but ongoing and getting worse. Just yesterday the court ordered the Government to (1) "cause the immigration judge to promptly vacate or amend" her June 20 decision holding Petitioner removable "to the extent it finds the Petitioner removable from the United States" based on the Secretary of State's foreign policy determination, and (2) "cause the immigration judge" to consider granting Petitioner a waiver of removability without relying on the foreign-policy determination. Doc. 355 at 2, 5-9. The court's unprecedented intrusion into the immigration judge's decision-making and its release order both spring from the same diseased root—a disregard for Congress's judgment that district courts are not to sit as appellate tribunals over removal proceedings.

By contrast, the harms Petitioner asserts do not undermine the propriety of a stay. Petitioner's interest in being with his family does not justify his release. *See, e.g.*, *Acosta*, 558 F.2d at 1156-58 (rejecting claim that separation of family constitutes "extreme hardship"); *see also Ignacio v. INS*, 955 F.2d 295, 299 (5th Cir. 1992) (similar).

And while Petitioner invokes a First Amendment interest in speaking, that interest has less force for aliens, who "may be deported for considerations of … politics, activities, or associations that the government could not punish them for if they were citizens." *Lopez v. INS*, 758 F.2d 1390, 1393 (10th Cir. 1985); *see Kleindienst v. Mandel*, 408 U.S. 753, 767-70 (1972); *Harisiades v. Shaughnessy*, 342 U.S. 580, 592 (1952); *accord Qatanani v. Att'y Gen.*, ---F.4th---, 2025 WL 1934523, at *27 (3d Cir. July 15, 2025) (Matey, J., dissenting).

## CONCLUSION

The Court should grant the motion for a stay pending appeal.

Respectfully submitted,

/s/ *Alanna T. Duong*

| | |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General | ALANNA T. DUONG<br>Senior Litigation Counsel<br>Office of Immigration Litigation |
| YAAKOV M. ROTH<br>Principal Deputy Assistant Attorney General | Civil Division, U.S. Dept. of Justice<br>PO Box 878, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 305-7040 |
| DREW C. ENSIGN<br>Deputy Assistant Attorney General | alanna.duong@usdoj.gov |
| AUGUST E. FLENTJE<br>Special Counsel for Immigration Litigation | |
| DHRUMAN Y. SAMPAT<br>Senior Litigation Counsel | |
| JOHN F. STANTON<br>Trial Attorney | July 18, 2025<br><br>Attorneys for Respondents-Appellants |

# CERTIFICATE OF COMPLIANCE AND BAR MEMBERSHIP

Pursuant to Federal Rule of Appellate Procedure 32(a)(7), I certify that the foregoing was prepared using Garamond 14 type; contains 2,593 words of text; and that the electronic version is identical to the paper copies submitted to the Court.

I further certify that I used Microsoft Word 365 to prepare this document, and that the virus detection program, Microsoft Crowdstrike Falcon, was run on the electronic version of this document, and no viruses were detected. And pursuant to 3d Cir. R. 28.3(d), I certify that I am a member of this Court's bar.

/s/ *Alanna T. Duong*
ALANNA T. DUONG
Senior Litigation Counsel
U.S. Department of Justice

# CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2025, I filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system. Petitioner's counsels are registered CM/ECF users and will be served through the CM/ECF system.

/s/ *Alanna T. Duong*
ALANNA T. DUONG
Senior Litigation Counsel
U.S. Department of Justice