**No. 25-2357**

---

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

---

Mahmoud KHALIL,

*Petitioner–Appellee*,

Donald J. TRUMP, in his official capacity as President of the United States; William P. JOYCE, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Yolanda PITTMAN, in her official capacity as Warden of Elizabeth Contract Detention Facility; Todd LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; Kristi NOEM, in her official capacity as Secretary of the Department of Homeland Security; Marco RUBIO, in his official capacity as Secretary of State; and Pamela BONDI, in her official capacity as Attorney General of the Department of Justice,

*Respondents–Appellants*.

---

### PETITIONER'S MOTION TO DISMISS FOR LACK OF JURISDICTION

---

AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION
Jeanne LoCicero
Farrin R. Anello
Molly K.C. Linhorst
Liza Weisberg
570 Broad Street, 11th Floor
Newark, New Jersey 07102
Tel: (973) 854-1715

CLEAR PROJECT
MAIN STREET LEGAL SERVICES, INC.
Ramzi Kassem
Naz Ahmad
Mudassar Hayat Toppa
Shezza Abboushi Dallal
CUNY School of Law
2 Court Square
Long Island City, NY 11101
Tel: (718) 340-4558

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
Amy Belsher
Robert Hodgson
Veronica Salama
Molly Biklen
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Omar Jadwat
Noor Zafar
Sidra Mahfooz
Brian Hauss
Esha Bhandari
Vera Eidelman
Tyler Takemoto
Brett Max Kaufman
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Samah Sisay
Diala Shamas
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464

WASHINGTON SQUARE LEGAL SERVICES,
INC.
Alina Das
Kyle Barron
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel: (212) 998-6430

DRATEL & LEWIS
Amy E. Greer
29 Broadway, Suite 1412
New York, NY 10006
Tel: (212) 732-8805

VAN DER HOUT LLP
Marc Van Der Hout
Johnny Sinodis
Oona Cahill
360 Post St., Suite 800
San Francisco, CA 94108
Tel: (415) 981-3000

*Counsel for Petitioner–Appellee*

## INTRODUCTION

Petitioner–Appellee Mahmoud Khalil respectfully moves the Court to dismiss for lack of jurisdiction Respondents–Appellants' interlocutory appeal, No. 25-2357, of the district court's July 17, 2025 clarification order. The district court's July 17 clarification order is not reviewable as of right and Respondents must seek leave to appeal it on an interlocutory basis first from the district court, and then from this Court, which they have not done.

Petitioner respectfully requests that this motion be briefed and decided swiftly and, in any event, before Respondents' motion for an emergency stay of the district court's clarification order pending disposition of this appeal, Dkt. 6, No. 25-2357,[1] as this motion to dismiss challenges this Court's jurisdiction over the instant appeal *and* the subsequently sought stay. To the extent that the upcoming deadline Respondents raised in their stay motion is a consideration, the Court may enter an administrative stay of the district court's preliminary injunction strictly limited to the August 1, 2025 deadline for Respondents to comply with the remaining directives of the preliminary injunction, ECF 367 at 9, pending disposition of the instant motion to dismiss. *See, e.g.*, *Öztürk v. Hyde*,

---

[1] "ECF" numbers reference the district court docket, 25-cv-1963 (D.N.J.). "Dkt." numbers reference this Court's dockets (Nos. 25-2162 and 25-2357, most pertinently). "Add." numbers reference the addendum submitted in this Court's docket, No. 25-2162.

136 F.4th 382 (2d Cir. 2025) (vacating prior administrative stay and resetting district court's order with respect to Respondents' deadline to comply).

By the terms of the July 17 opinion and order, ECF 355, and the district court's subsequent July 25 opinion and order denying a stay of the July 17 order, ECF 367, the district court on July 17 only "clarif[ied] . . . the meaning of its June 11 preliminary injunction." ECF 355 at 1; *see also* ECF 367 at 4 ("[O]n July 17 the Court only clarified its earlier June 11 preliminary injunction."). Respondents failed to comply with that preliminary injunction, proffered an interpretation of it that ran contrary to its plain language and stripped it of effect, and forced Petitioner to seek clarification from the district court—all while noticing their appeal of the preliminary injunction without pursuing its stay in the district court.[2] The district court provided that clarification in its July 17 order.

Respondents now contend that the July 17 order neither does what the district court described it to be doing—"clarif[ying] its earlier June 11 preliminary injunction," ECF 367 at 4—nor what it actually does in substance— clarify Respondents' obligations in the wake of their non-compliance with the district court's June 11 preliminary injunction. ECF 355 at 1, 8. And

---

[2] *See* Dkt. 1 & 21, No. 25-2162.

Respondents seek this Court's intervention by way of interlocutory appeal, flouting statutory process for those appeals not provided as of right.

While Respondents can continue to challenge the district court's June 11 preliminary injunction in the due course of their pending appeal of that order, No. 25-2162, and can even belatedly seek a stay (which Petitioner would oppose) of that order from the district court and then this Court, Respondents' instant appeal of the July 17 order, No. 25-2357, should be dismissed for failure to seek and obtain leave to pursue it, first from the district court, and then from this Court.

## FACTUAL BACKGROUND

On March 8, after attending an Iftar dinner, Petitioner and his then-pregnant U.S. citizen wife were followed into their university housing by several plainclothes federal agents who—seemingly unaware of Petitioner's permanent resident status—arrested him. Third Am. Pet. ¶¶ 45-47 (ECF 236).

The next day, agents whisked Petitioner to New Jersey and on to a remote detention facility in Louisiana. ECF 236 ¶¶ 45-47. At first, Respondents charged Petitioner as removable from the United States under 8 U.S.C. § 1227(a)(4)(C), *id.* ¶¶ 82-83, which Respondents contend authorizes the Secretary of State to deem a noncitizen removable based on a determination that the noncitizen's lawful speech would "compromise a compelling foreign policy interest." Relying on the statute, Respondent Rubio determined that Petitioner's

expressive activity in support of Palestinian rights—and only his expressive activity—rendered him both detainable and removable from the United States. ECF 236 ¶¶ 82-83. Immediately recognizing that Petitioner's arrest, detention, and threatened deportation were unlawful, his lawyers raced to draft a habeas corpus petition on his behalf.[3]

## PROCEDURAL HISTORY

For purposes of this motion, the relevant procedural history is as follows. The initial habeas petition, filed in the Southern District of New York, was assigned to Judge Jesse M. Furman, who issued a temporary stay of removal, ECF 9. On March 19, Judge Furman transferred this case along with all pending motions to the District of New Jersey. *Khalil v. Joyce*, 771 F. Supp. 3d 268, 291 (S.D.N.Y. 2025).

After transfer to the D.N.J., the case was assigned to Judge Michael E. Farbiarz, who also promptly issued a temporary stay of removal, ECF 81. On June 11, 2025, the district court issued a preliminary injunction that prohibited Respondents from "seeking to remove the Petitioner from the United States," ECF 299 at 12-13, based on the Secretary of State's determination that Petitioner's lawful speech in support of Palestinian rights meant that his

---

[3] More fulsome factual and procedural background is set forth in another filing. *See* Br. in Opp'n at 2-7, No. 25-2162 (3d Cir. July 9, 2025), Dkt 23-1 ("Bail Stay Opp'n").

presence and activities in the United States interfered with U.S. foreign policy, issued under the "foreign policy ground" in 8 U.S.C. § 1227(a)(4)(C). ECF 355; Add.333-48 (granting preliminary injunction); ECF 272 (use of foreign policy ground against Petitioner likely unconstitutionally vague).

At a June 20 bail hearing, the district court ordered Petitioner's immediate release. ECF 316; *see* Add.001-74. It also denied as entirely without merit Respondents' request for a seven-day stay of the release order. Add.068-71. On June 23, Respondents noticed their appeal of the district court's order granting the preliminary injunction, while also noticing appeal of the district court's order releasing Petitioner on bail. Dkt 1, No. 25-2162. Almost a week after Petitioner was released, on June 26, 2025, Respondents sought a stay in this Court of the district court's order releasing Petitioner on bail. Dkt 16-1, No. 25-2162. Notably, Respondents did not move to stay the district court's preliminary injunction. *Id.* (promising to challenge it "in due course on appeal").

Petitioner awaited compliance with the district court's June 11 preliminary injunction, to no avail. On June 17, Petitioner alerted the IJ to the district court order. ECF 312-3 at 20-24. Nonetheless, on June 20, the IJ issued a written decision and order finding Petitioner removable based on the Secretary of State's determination. ECF 333 at 4-5. Although the IJ sustained the alleged misrepresentation ground of removability, *id.* at 5-9, the IJ did not set an evidentiary hearing on his request for a waiver of that charge pursuant to INA

§ 237(a)(1)(H), presumably because the IJ had found Petitioner removable based on the preliminarily enjoined Secretary of State's determination.

Heeding the district court's call, ECF 330 at 52:19-53:3 (directing parties to confer and ascertain "what's going on with the immigration judge and what advice is being provided to the immigration judge about the meaning of the Court's preliminary injunction"), Petitioner attempted to elucidate Respondents' interpretation of the district court's June 11 preliminary injunction, *see, e.g.*, ECF 332 at 1-2; ECF 332-3 (conveying and discussing Petitioner's exchanges with Respondents through counsel).

These attempts to confer and facilitate compliance with the district court's order did not bear fruit, and Petitioner ultimately wrote to notify the district court of Respondents' proffered positions that were irreconcilable with the plain terms of the district court's June 11 order. Respondents contended that the district court had only preliminarily enjoined "actual physical removal from the United States;" that nothing in the order prevented Respondents from "continuing to litigate the removability charge [based on the Secretary of State's determination] through the normal course of removal proceedings;" and that the district court's order was "prospective" only. ECF 332-3.

Petitioner submitted to the district court that Respondents' interpretation could not be squared with the plain terms of the June 11 preliminary injunction, as "seeking to remove" does not mean the same thing as

"remove"—the former phrase encompassing any DHS pursuit of removal based on the Secretary of State's determination and the immigration judge's consideration of the determination, not just the final action of a removal based on the likely unconstitutional removal charge. ECF 332 at 2. Petitioner also noted that Respondents' interpretation would render the preliminary injunction redundant because the district court's March 19 order, ECF 81, already prohibited Petitioner's "remov[al] from the United States, unless and until the Court issues a contrary order." ECF 332 at 2.

First, the district court convened a telephonic status conference to better understand the issues raised by Petitioner. ECF 338; ECF 340; ECF 357. Second, the district court sought and received the parties' responses to two questions regarding their respective understandings of the implications of its June 11 order in certain enumerated circumstances. ECF 344; ECF 347; ECF 349. Third, the district court ordered further opportunity for the parties to put forward "any legal argument" regarding "clarification of the June 11 preliminary injunction" and supplemental factual information for the record. ECF 350 at 6. The parties complied. ECF 352; ECF 353; ECF 354.

On July 17, 2025, the district court issued an order "clarify[ing] . . . the meaning of its June 11 preliminary injunction." ECF 355. In pertinent part, the district court clarified that its June 11 order required Respondents to "cause the immigration judge to promptly vacate or amend her June 20 decision to the

7

extent it finds the Petitioner removable from the United States on the 8 U.S.C. §
1227(a)(4)(C) charge," *id.* at 2-3, and to fully and thoroughly consider, and then
determine, both Petitioner's request for an evidentiary hearing on his 8 U.S.C. §
1227(a)(1)(H) waiver request and the request for a waiver of removability
itself, without regard for the preliminarily enjoined Secretary of State's
determination, *id.* at 5.

In its order, the district court rejected Respondents' characterization of
its intervention as "'expand[ing]' its June 11 preliminary injunction," *see* ECF
355 at n.5 (citing ECF 350 at 2; ECF 354 at 3), stating that "the plain language
of the June 11 preliminary injunction favors the Petitioner's positions" and
conveying the order's purpose of "help[ing] to show why the equities favor
applying the June 11 preliminary injunction as it was written," *id.*

On July 18, 2025, five weeks after the district court's June 11 preliminary
injunction and one month after Respondents appealed that order without
seeking any stay, Respondents separately appealed the district court's July 17
clarification order. Dkt. 1, No. 25-2357. Respondents did not seek prior leave to
do so from the district court or this Court. On the same day, this Court
consolidated the two appeals. Dkt. 4, No. 25-2357.

Also on the same day, Respondents moved to stay the July 17 clarification
order in the district court. ECF 360-1. The district court denied Respondents'
motion in an opinion and order dated July 25, 2025, ECF 367, finding

Respondents failed to carry their burden on all four factors deciding stay applications and stating that "when the July 17 Opinion and Order is properly understood—as what it said it was, solely a clarification of the June 11 preliminary injunction—then the Respondents' jurisdictional arguments melt away," *id.* at 5. The district court opinion denying a stay rebuked Respondents' contention that the clarification order was "a 'new directive[],'" *id.* at 4, and highlighted the true nature of its July 17 order, *see id.* ("on July 17 the Court only clarified its earlier preliminary injunction").

The district court further explained that "entry by the immigration judge of her June 20 decision was, as to the Secretary of State's determination, directly at odds with the plain language of this Court's June 11 preliminary injunction," and that the district court sought "further information as to familiar equitable factors like irreparable harm" not in preparation to issue a new injunction, but rather in "an effort to ensure that the interpretation of the <u>old</u> injunction, the June 11 one, was itself grounded in equitable concerns." *Id.* Ultimately, the district court's order denying Respondents' application for a stay foregrounded Respondents' responsibility to comply with its June 11 preliminary injunction. *Id.* at 9 ("[W]hen a district court issues a preliminary injunction, as here, it must be complied with.").

Hours after the district court denied Respondents' motion for a stay, they sought a stay of the July 17 clarification order from this Court on an expedited

timeline. Dkt. 30, 25-2162; Dkt. 6, 25-2357.

## **LEGAL STANDARD**

28 U.S.C. § 1292(a)(1) provides for appellate jurisdiction over "[i]nterlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ." The Supreme Court has "construed the statute narrowly to ensure that appeal as of right under § 1292(a)(1) will be available only in circumstances where an appeal will further the statutory purpose of 'permit[ting] litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence.'" *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84, (1981) (internal citations omitted). This Court has also cautioned that when "assessing whether appealability pursuant to section 1292(a)(1) exists, [w]e must approach this statute somewhat gingerly lest a floodgate be opened that brings into the exception many pretrial orders." *New Jersey State Nurses Ass'n v. Treacy*, 834 F.2d 67, 70–71 (3d Cir. 1987) (cleaned up).

An order interpreting or clarifying an injunction is not appealable under 28 U.S.C. § 1292(a)(1). *See U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 207 (3d Cir. 1999) (stating "our appellate jurisdiction under 28 U.S.C. § 1292(a)(1) does not extend to orders . . . that interpret or clarify injunctions"); *see also, e.g., Ass'n of Cmty. Orgs. for Reform Now (ACORN) v. Illinois State Bd. of Elections*, 75 F.3d 304, 306 (7th Cir. 1996) ("[I]nterpretations of injunctions as

10

distinct from modifications of them are not appealable, provided they really are interpretive, and do not change the meaning of—that is, modify—the original injunction."); *Mikel v. Gourley*, 951 F.2d 166, 168 (8th Cir. 1991) ("A mere clarification of an injunction is not a final  appealable order."); *Int'l Ass'n of Machinists & Aerospace Workers v. E. Airlines, Inc.*, 849 F.2d 1481, 1485 (D.C. Cir. 1988) (distinguishing for purposes of appellate jurisdiction between orders that are "mere interpretation[s]" and orders that modify injunctions); *Motorola, Inc. v. Comput. Displays Int'l*, 739 F.2d 1149, 1155 (7th Cir. 1984) ("Orders that merely interpret or clarify an injunction are not appealable under § 1292(a)(1)."); *Major v. Orthopedic Equip. Co.*, 561 F.2d 1112, 1115 (4th Cir. 1977) ("[The order] is simply an interpretation, not appealable under 28 U.S.C. § 1292(a)(1).").

In assessing whether an order clarified rather than modified a prior injunction, appellate courts may ask whether the subsequent order identified non-compliance with the prior order, *U.S. Fire Ins. Co.*, 182 F.3d at 207, whether the party seeking appeal of the subsequent order "could not have reasonably foreseen that the injunction extended" as far as the subsequent order stated, *Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 944 F.3d 945, 949 (D.C. Cir. 2019), and whether the subsequent order changed the legal

relationship of the parties, *Birmingham Fire Fighters Ass'n 117 v. Jefferson Cnty*., 280 F.3d 1289, 1293 (11th Cir. 2002).

## ARGUMENT

This Court does not have jurisdiction over Respondents' appeal, No. 25-2357, of the district court's order entered on July 17, 2025, ECF 355, because that order merely clarifies an earlier injunction and is thus not appealable as of right under 28 U.S.C. § 1292(a)(1). *See, e.g., U.S. Fire Ins. Co.*, 182 F.3d at 207. By raising an interlocutory appeal without first obtaining leave, *see* Dkt. 1, No. 25-2357, Respondents attempt to take this Court beyond the class of interlocutory appeals permitted under 28 U.S.C. § 1292(a)(1), thus "undermin[ing] 'efficient judicial administration' and encroach[ing] upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).

Respondents suggest the district court's July 17 clarification order actually modified the June 11 preliminary injunction. *See* Dkt. 1, No. 25-2357. This argument is without merit. The July 17 order is a clarification order by its plain language and substance and is thus not appealable as of right.

Furthermore, Respondents may avail themselves of an appropriate, alternative avenue: their earlier appeal of the June 11 preliminary injunction. Indeed, Respondents may, over the course of their pending appeal of the June

12

11 preliminary injunction, No. 25-2162, choose to challenge any subsequent clarification and interpretation of the appealed preliminary injunction. Respondents may even belatedly seek a stay (which Petitioner would oppose) of that preliminary injunction from the district court and then from this Court. But if Respondents wish to separately appeal the July 17 clarification order, as they have attempted here, then they must first seek leave from the district court. *See* 28 U.S.C. § 1292(b). They cannot opt out of the process all litigants must follow.

## I.   By its plain language, the July 17 order merely clarified the district court's earlier preliminary injunction.

First, the terms of the July 17 order make plain that the district court was only clarifying its prior order, preliminarily enjoining Respondents "from seeking to remove the Petitioner from the United States based on the Secretary of State's determination." ECF 299 at 12-13. When the district court issued its preliminary injunction, it also held that "Respondents can have little or no interest in applying the relevant underlying statutes in what is likely an unconstitutional way." *Id.* at 11. The plain terms of the preliminary injunction prohibit Respondents from attempting or endeavoring to effect Petitioner's removal. *See* ECF 367 at 4 ("[E]ntry by the immigration judge of her June 20 decision was, as to the Secretary of State's determination, directly at odds with the plain language of this Court's June 11 preliminary injunction.").

Nonetheless, Respondents maintained an inapposite (and untenable) interpretation in the aftermath of the district court's order, refusing to comply. *See* ECF 332-3 (memorializing Respondents' proffered interpretation); *see also* ECF 332 at 1-2.

Forced to intervene, the district court rendered a subsequent order on July 17, unequivocally articulating its purpose: "The Court writes briefly here to *clarify* in three ways the meaning of its June 11 preliminary injunction." *Id.* at 1 (emphasis added). And, indeed, the district court rejected Respondents' mischaracterization of its intervention as "'expand[ing]' its June 11 preliminary injunction," *see id.* at n.5 (citing ECF 350 at 2; ECF 354 at 3), instead affirming that it derived from "the plain language of the June 11 preliminary injunction," *id.* Thus, the district court squarely characterized its order as a clarification order, aimed at "help[ing] to show why the equities favor applying the June 11 preliminary injunction as it was written." *Id.*; *see also New Jersey State Nurses Ass'n v. Treacy*, 834 F.2d 67, 70 (3d Cir. 1987) ("The November 26, 1986 order did nothing more than declare that the disaffiliation was legal and valid. At no time did the court in its November 26, 1986 order use the term injunction, nor did it grant any additional relief beyond that granted in December 1985."); *Birmingham Fire Fighters Ass'n 117*, 280 F.3d at 1293 (holding that "inquiry is circumscribed" when deciding whether district court order modified prior injunction and that question is not whether district court's reading of injunction

14

"is in error" but whether it was "gross misinterpretation").

In denying Respondents' subsequent application for a stay of the July 17 order, the district court again emphasized that it was a clarification order. ECF 367 at 4. In highlighting that its July 17 order was "not a 'new directive[]'" but rather an order "clarif[ying] its earlier June 11 preliminary injunction," *id.* (citing *Khalil v. Trump*, 2025 WL 1983755, at *1 (D.N.J. July 17, 2025)), the district court explained that the immigration judge's June 20 decision was "directly at odds with the plain language of [its] June 11 preliminary injunction," *id.*, prompting the district court to "s[eek] further information as to familiar equitable factors like equitable harm . . . not because the Court aimed to issue a new injunction" but rather "because the Court's view is that interpretation of a pre-existing injunction should focus on more than plain text" and "take account of broader equitable factors," *id.* (citing *Khalil v. Trump*, 2025 WL 1981392, at *3 n.5 (D.N.J. July 16, 2025)).

Thus, in both the order Respondents now improperly purport to appeal directly and in a subsequent order, the district court plainly explained that it had issued a clarification order, which Respondents must seek leave to appeal, first from the district court, and then from this Court. *See U.S. Fire Ins. Co.*, 182

F.3d at 207 (holding that "appellate jurisdiction under 28 U.S.C. § 1292(a)(1) does not extend to orders . . . that interpret or clarify injunctions").

## II.      The substance of the July 17 order reflects its purpose.

Second, the substance of the district court's July 17 order demonstrates it only clarified the district court's prior preliminary injunction. Indeed, the order rebuked Respondents' patent and self-serving mischaracterization of the preliminary injunction. ECF 355 at 2, n.5; *c.f. Dunlap*, 944 F.3d at 949 (finding subsequent order modified prior preliminary injunction where appellant "could not have reasonably foreseen that the [prior] injunction extended that far"). The district court then outlined those steps which were necessary to remedy the ongoing harms Petitioner suffered due to Respondents' non-compliance with the plain meaning of its preliminary injunction. ECF 355 at 2, 5.

In *U.S. Fire Insurance Company v. Asbestospray, Inc.*, this Court assessed whether a subsequent order only clarified, rather than modified a prior order. 182 F.3d 201 (3d Cir. 1999). The Court considered whether the district court's subsequent order was responding to a party's failure to comply with the previous order. *Id.* at 207. In that case, appellants had sought to appeal an order which had found that "escrowed funds were improperly distributed" in violation of a prior order and where the district court found those funds should be returned. *U.S. Fire Ins. Co. v. Asbestospray, Inc.*, No. CIV. A. 97-4020, 1998 WL

54424, at *2 (E.D. Pa. Jan. 21, 1998). This Court found that even though the subsequent order stated it was modifying the prior order, the substance of the subsequent order was only a clarification, in part because the district court "plainly would have had no basis" to find a "violation of the earlier order" if it had in substance modified it. *U.S. Fire Ins. Co.*, 182 F.3d at 207.

Likewise, the district court here noted that its July 17 order being "more detailed and more specific than the operative language of the June 11 preliminary injunction does not suggest that the July 17 clarification was an entirely 'new' injunction." ECF 367, n.2. The district court explained that "[g]reater detail was necessary because the Respondents did not comply with the June 11 preliminary injunction." *Id.* (providing hypothetical example of non-compliance with prior order requiring greater detail in "an interpretation of the old injunction, packaged with an instruction to comply with it").

Nor did the legal relationship between the parties change as a result of the July 17 order, turning it into a modification of the preliminary injunction. Respondents continue to be preliminarily enjoined from relying on the Secretary of State's determination in seeking to remove Petitioner. *See Birmingham Fire Fighters Ass'n 117*, 280 F.3d at 1293 (finding that "to effect a change in the legal relationship of the parties, the order must 'change the

command of the earlier injunction, relax its prohibitions, or release any respondent from its grip'") (cleaned up).

### III.    The appropriate and available avenue for the relief Respondents seek is their appeal of the June 11 injunction.

Third, the proper avenue for Respondents' arguments is their pending appeal of the district court's original June 11 preliminary injunction, No. 25-2162. Respondents can continue to challenge the district court's well-reasoned June 11 order and its "previously issued opinions . . . that are attendant to the granting of the preliminary injunction," Dkt. 1, No. 25-2162, in the due course of their pending appeal. Respondents are at liberty to take issue with subsequent decisions clarifying or interpreting the preliminary injunction in the forthcoming briefing on their appeal of the June 11 order. Respondents may even belatedly seek a stay (which Petitioner would oppose) of that preliminary injunction from the district court and then from this Court.

But to allow this appeal to proceed without proper jurisdiction would be to permit Respondents to defy the district court's injunction, require the district court to clarify its prior order, and then seek appellate review of the subsequent order as of right.  This attempt to flout statutory procedure will incentivize non-compliance with an Article III court's orders and unduly expand appellate litigation transgressing "the general congressional policy against piece-meal review" ordinarily "preclud[ing] interlocutory appeal." *Carson* 450 at 84; *see*

*also City of Morgantown, W. Va. v. Royal Ins. Co.*, 337 U.S. 254, 258 (1949) (restating that "piecemeal appeals have never been encouraged"); *Cobbledick v. United States*, 309 U.S. 323, 324–25 (1940) ("Finality as a condition of review is an historic characteristic of federal appellate procedure.").

Again, if Respondents wish to separately appeal the July 17 clarification order, in addition to the already-appealed June 11 preliminary injunction, they must seek leave to do so, first from the district court, and then from this Court. *See* 28 U.S.C. § 1292(b) (providing process for district court to decide whether immediate appeal from order is warranted where statute does not otherwise provide for appeal as of right).[4] To allow otherwise, would be to reward Respondents' attempt to evade the course to which all litigants must hew.

## IV.   This Court may enter a limited administrative stay of the August 1 deadline pending disposition of this motion.

The district court provided Respondents additional time to comply with the remaining directives of its preliminary injunction "to afford the opportunity for appellate consideration." ECF 367 at 9. Respondents have in turn asked this Court to rule on their motion for a stay by July 31, because they contend that "[a]bsent a stay, the Government will be required to comply with the July 17 Order's directives by August 1, 2025, at 10:00 a.m." Dkt. 6 at 3, No. 25-2357

---

[4] Nor could this Court treat Respondents' separate motion for a stay as a motion for leave to appeal. 28 U.S.C. § 1292(b) leaves only one avenue for appeal of those judgments and orders not otherwise extended appeals as of right by the statute: seeking leave to appeal from the district court.

(citing ECF 367).

But this Court should resolve the threshold jurisdictional question raised in this motion to dismiss first, before deciding whether to stay a lower court's order pending a potentially deficient appeal.[5] To do so, this Court may decide the instant motion swiftly or, in the alternative, it may enter a narrow administrative stay of the district court's order—pending disposition of this motion to dismiss—that is strictly limited to the August 1 deadline for continuing compliance with the preliminary injunction.

In *Öztürk v. Hyde*, the Second Circuit entered an administrative stay of a district court's order which included an impending deadline for the government's compliance. Dkt. 45, No. 25-1019 (2d Cir. Apr. 28, 2025). Upon denying the government's motion for a stay, the Second Circuit amended the lower court's order, resetting the deadline for the government's compliance with that order to account for the delay injected by appellate review. *Öztürk*, 136 F.4th at 388.

Similarly, this Court may resolve the threshold jurisdictional issue raised in the instant motion without prejudice to Respondents by entering a limited administrative stay of the district court's August 1 deadline for Respondents to

---

[5] Petitioner notified the district court and Respondents of his intent to move to dismiss this appeal, No. 25-2357, in his response in opposition to Respondents' motion to stay the July 17 clarification order in the district court. ECF 362 at 16.

comply with the remaining directives of its preliminary injunction, ECF 367 at 9, pending disposition of the instant motion to dismiss. The Court may then reset the deadline to within one or two business days of its decision on this motion, as appropriate.

## CONCLUSION

For the reasons detailed above, this Court should dismiss Respondents' interlocutory appeal, No. 25-2357, for lack of jurisdiction.

DATED: July 28, 2025          /s/   *Ramzi Kassem*

AMERICAN CIVIL LIBERTIES UNION OF NEW          CLEAR PROJECT
JERSEY FOUNDATION                              MAIN STREET LEGAL SERVICES, INC.
Jeanne LoCicero                                Ramzi Kassem
Farrin R. Anello                               Naz Ahmad
Molly K.C. Linhorst                            Mudassar Hayat Toppa
Liza Weisberg                                  Shezza Abboushi Dallal
570 Broad Street, 11th Floor                   CUNY School of Law
Newark, New Jersey 07102                       2 Court Square
Tel: (973) 854-1715                            Long Island City, NY 11101
                                               Tel: (718) 340-4558
NEW YORK CIVIL LIBERTIES UNION
FOUNDATION                                     CENTER FOR CONSTITUTIONAL RIGHTS
Amy Belsher                                    Baher Azmy
Robert Hodgson                                 Samah Sisay
Veronica Salama                                Diala Shamas
Molly Biklen                                   666 Broadway, 7th Floor
125 Broad Street, 19th Floor                   New York, NY 10012
New York, N.Y. 10004                           Tel: (212) 614-6464
Tel: (212) 607-3300
                                               WASHINGTON SQUARE LEGAL SERVICES,
AMERICAN CIVIL LIBERTIES UNION                 INC.
FOUNDATION                                     Alina Das
Omar Jadwat                                    Kyle Barron
Noor Zafar                                     Immigrant Rights Clinic

Sidra Mahfooz
Brian Hauss
Esha Bhandari
Vera Eidelman
Tyler Takemoto
Brett Max Kaufman
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500

245 Sullivan Street, 5th Floor
New York, New York 10012
Tel: (212) 998-6430

DRATEL & LEWIS
Amy E. Greer
29 Broadway, Suite 1412
New York, NY 10006
Tel: (212) 732-8805

VAN DER HOUT LLP
Marc Van Der Hout
Johnny Sinodis
Oona Cahill
360 Post St., Suite 800
San Francisco, CA 94108
Tel: (415) 981-3000

*Counsel for Petitioner–Appellee*

## **CERTIFICATE OF BAR MEMBERSHIP**

Pursuant to Local Rules 28.3(d) and 46.1(e), I certify that I am admitted as an attorney and counselor of the United States Court of Appeals for the Third Circuit.

*/s/ Ramzi Kassem*
Ramzi Kassem
*Counsel for Petitioner–Appellee*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2025, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Third Circuit by using the CM/ECF system. Counsel in this case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/Ramzi Kassem*

Ramzi Kassem
*Counsel for Petitioner–Appellee*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 4773 words and complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a) as it has been prepared in a proportionally spaced typeface using Microsoft Word 14-point Charter typeface.  I also certify that the text of the electronic and hard copies of this brief are identical, and the electronic copy of this brief was scanned with Windows Defender for Endpoint software, and no virus was detected.

*/s/Ramzi Kassem*
Ramzi Kassem
*Counsel for Petitioner–Appellee*