Nos. 25-2162 & 25-2357

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

MAHMOUD KHALIL,

Petitioner-Appellee,

v.

PRESIDENT UNITED STATES OF AMERICA; DIRECTOR NEW YORK FIELD OFFICE IMMIGRATION AND CUSTOMS ENFORCEMENT; WARDEN ELIZABETH CONTRACT DETENTION FACILITY; DIRECTOR UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY; SECRETARY UNITED STATES DEPARTMENT OF STATE; ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondents-Appellants.

On Appeal from the United States District Court
for the District of New Jersey, No. 25-1963 (MEF) (MAH)

## OPPOSITION TO PETITIONER'S
## MOTION TO DISMISS FOR LACK OF JURISDICTION

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney
General

DREW C. ENSIGN
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel for Immigration
Litigation

ALANNA T. DUONG
DHRUMAN Y. SAMPAT
Senior Litigation Counsel

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

RELEVANT BACKGROUND ...................................................................................... 2

ARGUMENT .................................................................................................................... 4

    I.   This Court has Appellate Jurisdiction over the July 17 Order. ............................ 4

    II.  This Court May Adjudicate the Government's Motion for a Stay Pending Appeal of the July 17 Order. ................................................................................ 5

CONCLUSION ................................................................................................................ 7

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# INTRODUCTION

In its order of July 17, 2025 ("the July 17 Order"), the district court purported to apply its June 11 preliminary injunction decision to not only prohibit Respondents ("the Government") from removing Petitioner Mahmoud Khailil based on the Secretary of State's foreign-policy determination, but to control the decision-making of the immigration judge overseeing Petitioner's removal proceedings, including requiring her to vacate her June 20 decision finding that Petitioner is removable on that ground. Although the Government had appealed the June 11 preliminary injunction, it also noticed a protective appeal from the July 17 Order and, after the district court denied its request for a stay, filed a motion in this Court for a stay of the July 17 Order pending appeal. Petitioner has now filed a motion to dismiss only the Government's *second* appeal—the one from the July 17 Order.

Petitioner's motion appears to be designed solely to sow confusion or cause delay, because it has no practical significance. Petitioner concedes that the Government has permissibly appealed the preliminary injunction, and that such appeal encompasses the July 17 Order; to avoid any doubt, the Government has since amended its original notice of appeal to explicitly reference the July 17 Order. There is thus no question this Court has appellate jurisdiction over the July 17 Order, whether it is independently appealable or not. And because the two appeals have been consolidated "for all purposes," *see* No. 25-2162, Dkt. 29, the appeal of the July 17 Order has functionally been folded into the appeal from the June 11 preliminary injunction.

Despite conceding this Court's appellate jurisdiction over the July 17 Order, Petitioner argues that this Court cannot adjudicate the Government's motion to stay the July 17 Order pending appeal, apparently on the theory that Federal Rule of Appellate Procedure 8(a) requires the Government not only to have sought a stay from the district court of the July 17 Order (which it did), but *also* to have requested a stay of the June 11 preliminary injunction. That argument is meritless. Petitioner cites no authority imposing such a requirement, and the Government's motion complied with Rule 8 in any event.

Ultimately, Petitioner's motion to dismiss is a pointless exercise that would have no effect on this Court's jurisdiction or the scope of its appellate review. The motion should be denied on that basis alone. If the Court were to nonetheless grant the motion to dismiss the Government's protective appeal from the July 17 Order, it should make clear that it retains appellate jurisdiction over the July 17 Order through the Government's appeal of the June 11 preliminary injunction and proceed to address the Government's pending motion for a stay of the July 17 Order pending appeal.

## RELEVANT BACKGROUND

On June 11, 2025, the district court issued an order preliminarily enjoining the Government "from seeking to remove the Petitioner from the United States based on the Secretary of State's determination." ECF 299 at 12. Subsequently, the court granted Petitioner's motion for release from custody. ECF 316. The Government appealed

2

both orders and filed a motion for a stay pending appeal of the district court's release order, which is now fully briefed.  ECF 318.  That appeal is docketed at No. 25-2162.

Petitioner later sought clarification of the preliminary injunction.  *See* ECF 332. On July 17, after additional letter briefing, the district court issued an order purporting "to clarify … the meaning of its June 11 preliminary injunction," claiming it required the immigration judge "to promptly vacate or amend her June 20 decision to the extent it finds the Petitioner removable from the United States" based on the Secretary of State's foreign policy determination, and prohibited the Immigration Judge from relying on that ground in her decision-making.  ECF 355 at 2, 5.  The Government immediately noticed an appeal from the July 17 Order, ECF 358, which this Court docketed as No. 25-2357.  The Clerk consolidated the two appeals "for all purposes."  No. 25-2162, Dkt. 29.

The Government moved to stay the district court's July 17 Order pending appeal. ECF 360-1. The district court denied the Government's stay motion on July 25, 2025. ECF 367.  The Government then filed with this Court a motion for a stay of the July 17 Order pending appeal on both appellate dockets.

Petitioner has moved to dismiss the Government's appeal from the July 17 Order, No. 25-2357, for lack of jurisdiction.

3

# ARGUMENT

Petitioner's motion to dismiss the Government's protective appeal from the July 17 Order (No. 25-2357) is a transparent attempt to delay this Court's decision on the Government's motion for a stay of the July 17 Order pending appeal. Whether or not the July 17 Order is *itself* an appealable interlocutory order makes no difference. If it is not—on the theory that it merely clarifies the preliminary injunction—then that order falls within the scope of the Government's prior appeal of the June 11 preliminary injunction. Indeed, Petitioner agrees. Therefore, this Court has appellate jurisdiction over the July 17 Order either way. And no other barrier prevents this Court from exercising that jurisdiction to adjudicate the Government's fully briefed motion to stay the July 17 Order pending appeal. Petitioner's motion to dismiss is thus a useless exercise that will have no effect on this Court's appellate jurisdiction over the July 17 Order or its ability to resolve the Government's motion for a stay pending appeal.

**I.     This Court has Appellate Jurisdiction over the July 17 Order.**

There is no dispute that this Court has appellate jurisdiction over the July 17 Order one way or the other. Although Petitioner spills considerable ink arguing that the July 17 Order is not *itself* an appealable interlocutory order under 28 U.S.C. § 1292(a), *see* Mot. to Dismiss Appeal at 12-17, he concedes that this Court nonetheless has appellate jurisdiction to review the July 17 Order as part of the Government's timely appeal of the June 11 preliminary injunction that the July 17 Order purports to clarify. *See id.* at 12-13 ("Respondents may, over the course of their pending appeal of the June

11 preliminary injunction, No. 25-2162, choose to challenge any subsequent clarification and interpretation of the appealed preliminary injunction."); *id* at 18-19 ("Respondents are at liberty to take issue with subsequent decisions clarifying or interpreting the preliminary injunction in the forthcoming briefing on their appeal of the June 11 [preliminary injunction] order.").

Moreover, if there was any doubt that the later-issued July 17 Order is encompassed by the Government's notice of appeal from the June 11 preliminary injunction order, the Government has now amended that notice of appeal to specifically reference the July 17 Order. *See* ECF 368.[1] And the two appeals have been consolidated for all purposes. Accordingly, whether or not the July 17 Order itself is an appealable interlocutory order, this Court has appellate jurisdiction to review that order.

## II. This Court May Adjudicate the Government's Motion for a Stay Pending Appeal of the July 17 Order.

Because this Court has appellate jurisdiction over the July 17 Order, it may adjudicate the Government's motion for a stay of that order pending appeal. Consistent with Federal Rule of Appellate Procedure 8(a), the Government requested a stay of the July 17 Order from the district court. *See* ECF 360-1. The district court denied the

---

[1] The amended notice of appeal was filed on July 29, 2025, within the 60-day window for noticing an appeal from a civil case. Fed. R. App. P. 4(a)(1)(B).

request, *see* ECF 367, which cleared the way for the Government to file its motion for a stay with this Court. *See* Fed. R. App. P. 8(a)(2). Nothing more is required.

Petitioner seems to suggest that this Court cannot consider the Government's motion to stay the *July 17 Order*, because the Government did not request a stay of the *June 11 preliminary injunction*. *See* Mot. to Dismiss Appeal at 3, 18 (arguing that the Government can "belatedly seek a stay … of [the preliminary injunction] order from the district court"). If that is Petitioner's argument, it is plainly wrong.

The Government satisfied Rule 8's requirement that a party "ordinarily move first in the district court" by requesting a stay pending appeal of the July 17 Order and waiting to file its stay motion with this Court until after the district court denied that motion. Petitioner appears to believe that the Government was required to seek a stay of the *June 11 preliminary injunction* as a prerequisite to seeking a stay of the July 17 Order in this Court. He cites no authority for that proposition, which makes no sense—why would a party be required to ask for broader relief than it needs or wants? Regardless, if Petitioner is correct that the July 17 Order merely "clarifie[s]" what the preliminary injunction already mandated (Mot. to Dismiss Appeal at 13-17), then the Government's motion to stay the July 17 Order functionally *was* a request to stay the preliminary injunction, at least in part. This is all much ado about nothing.

\* \* \*

Petitioner's motion to dismiss No. 25-2357 is a pointless exercise that can have no impact on this Court's appellate jurisdiction over the July 17 Order or its authority to adjudicate the Government's motion to stay the July 17 Order pending appeal. The motion should be denied for that reason. But if the Court grants the motion, it should make clear that it retains appellate jurisdiction over the July 17 Order and proceed to decide the Government's motion for a stay of the July 17 Order pending appeal.

## CONCLUSION

For these reasons, the Court should deny the motion.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

AUGUST E. FLENTJE
Special Counsel for Immigration Litigation

DHRUMAN Y. SAMPAT
Senior Litigation Counsel

/s/ Alanna T. Duong
ALANNA T. DUONG
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division, U.S. Dept. Justice
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
alanna.duong@usdoj.gov

July 30, 2025

Attorneys for Respondents-Appellants

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) and 32(g) because it was prepared using Garamond type, is double-spaced, has 10.5 or fewer characters per inch; and contains 1600 words, excluding the parts exempted by Fed. R. App. P. 32(f).

*/s/ Alanna T. Duong*
ALANNA T. DUONG
Senior Litigation Counsel
U.S. Department of Justice

# CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2025, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Third Circuit by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ Alanna T. Duong*
ALANNA T. DUONG
Senior Litigation Counsel
U.S. Department of Justice