## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

MAHMOUD KHALIL,

              Petitioner-Appellee,

   v.

PRESIDENT UNITED STATES OF
AMERICA; DIRECTOR NEW YORK
FIELD OFFICE IMMIGRATION AND
CUSTOMS ENFORCEMENT; WARDEN
ELIZABETH CONTRACT DETENTION
FACILITY; DIRECTOR UNITED
STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT;
SECRETARY UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY; SECRETARY UNITED
STATES DEPARTMENT OF STATE;
ATTORNEY GENERAL UNITED
STATES OF AMERICA,

              Respondents-Appellants.

**Nos. 25-2162 & 25-2357**

**On Appeal from the United States District Court for the District of New Jersey, No. 25-1963 (MEF-MAH)**

**RESPONDENTS-APPELLANTS' UNOPPOSED MOTION TO FILE APPENDIX VOLUME VI UNDER SEAL**

On August 20, 2025, Respondents-Appellants filed Appendix Volume VI under seal with this Court. *See* ECF 45 ("JA"). Appendix Volume VI contains the magistrate judge's orders sealing two documents to protect the privacy of Petitioner-Appellee and those two documents. *See* JA.1812-87; *see also* Dkt. No. 25-1963 (D. N.J.), ECF 296, 373 (unsealed orders). On August 21, 2025, this Court directed undersigned counsel to file a motion to file Appendix Volume VI under seal, *see* ECF 47. Because good cause exists, Appendix Volume VI should be filed under seal. *See* L.A.R. Misc. 106.1(a), (c)(2). Petitioner, through counsel, consents to sealing Appendix Volume VI.

# **ARGUMENT**

This Court should grant Respondents' unopposed motion to file Appendix Volume VI under seal.  *See* L.A.R. Misc. 106.1(a), (c)(2).  "It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records."  *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)).  The right to access "envisions a pervasive common law right to inspect and copy public records and documents, including judicial records and documents."  *Id.* (cleaned up).  The filing of a document with the Court "clearly establishes [its] status" as a judicial record.  *Id.*  In ordinary civil litigation, the party seeking the sealing "bears the burden of showing that the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure."  *Id.* at 194 (citing *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

The presumption favoring public access can be overcome if the party seeking the sealing of records shows "good cause" that "disclosure will work a clearly defined and serious injury to the party seeking closure."  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1999) (cleaned up).  When determining whether "good cause" exists, courts consider a non-exhaustive list of factors, including: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over

information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787-91). The overarching aim of this analysis is to balance private interests with public interests. *Id.*

Here, Appendix Volume VI contains two documents sealed by the magistrate judge: (1) an expert report by Dr. Andrew Rasmussen; and (2) an Immigration Judge's order. As the magistrate judge aptly found, because Appendix Volume VI contains Petitioner's private and confidential information, good cause exists for it to be filed under seal. *See Pansy*, 23 F.3d at 786; Dkt. No. 25-1963 (D. N.J.), ECF 296, 373. "[T]he interest in privacy is very important to the balancing test," and here, the privacy interest weighs in filing the documents under seal. *Pansy*, 23 F.3d at 787. Indeed, a court should try to prevent "the infliction of unnecessary or serious pain on parties." *Id.*

First, the parties stipulated to the confidentiality of Dr. Rasmussen's report due to its sensitive nature, which describes private, personal mental health issues related to Petitioner. *See* JA.1848; *see also* Dkt. No. 25-1963 (D. N.J.), ECF 296 (stipulated order). Because of the sensitivity of the information, the parties agreed that the government would use the report solely for the litigation of this action and would limit the number of attorneys who had access to it, and that those who had access would act in good faith to keep access limited and take all due precautions to prevent its unauthorized or

inadvertent disclosure.  *See* JA.1848-49.  Having considered the terms of the parties' stipulation, the magistrate judge agreed and so ordered.  *Id.* at 1850.

Second, the government did not oppose Petitioner's motion for seal of the Immigration Judge's order because Petitioner provided that "only full redaction would suffice to safeguard his privacy and shield him from potential harm, including harassment."  Dkt. No. 25-1963 (D. N.J.), ECF 333 (filed document), 348 at 1 (motion for seal and exhibits), 373 (order).  Specifically, the document contained "volume of sensitive information throughout," and thus, "complete sealing [was] necessary to protect Petitioner's safety and privacy interests."  *See id.*, ECF 348-1 ¶ 6.  The magistrate judge granted Petitioner's motion, finding that good cause existed to restrict public access.  *See id.*, ECF 373 at 2-3.  Indeed, the judge found that public disclosure would cause serious injury to Petitioner.  *See id.*, ECF 373 at 2.

Other factors further weigh in the interest of sealing these documents:  disclosure of the documents will not violate any privacy interests, aside from Petitioner's; exposure may cause Petitioner harassment or embarrassment; confidentiality is not being sought over information important to public health and safety; the party benefiting from the sealing (Petitioner) is not a public entity or official; and while the case may involve issues important to the public, information specifically relating to the privacy of Petitioner is not.  *See Pansy*, 23 F.3d at 786.  At bottom, considering that the parties have agreed to the confidentiality of the documents, and because the magistrate judge sealed the documents to protect Petitioner's privacy, this Court should do the same.  *See* L.A.R.

Misc. 106.1(a), (c)(2); *see, e.g.*, *United States v. Santiago*, 477 F. App'x 922, 928 n.9 (3d Cir. 2012) (granting motions for seal of volumes of the appendix because they contained documents that were sealed by the district court to protect the privacy of witnesses).

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should seal Appendix Volume VI.

Respectfully submitted,

*/s/ Alanna T. Duong*

BRETT A. SHUMATE
Assistant Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney
General

DREW C. ENSIGN
Deputy Assistant Attorney General

BENJAMIN HAYES
Special Counsel to the Assistant
Attorney General

DHRUMAN Y. SAMPAT
Senior Litigation Counsel

ALANNA T. DUONG
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
PO Box 878, Ben Franklin Station
Washington, DC 20044
alanna.duong@usdoj.gov

JOHN F. STANTON
RACHEL L. BROWNING
Trial Attorneys

August 25, 2025

Attorneys for Respondents-Appellants

## <u>CERTIFICATE OF COMPLIANCE</u>

The foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) and 32(g) because it was prepared using Garamond type, is double-spaced, has 10.5 or fewer characters per inch; and contains 984 words, excluding the parts exempted by Fed. R. App. P. 32(f).

*/s/ Alanna T. Duong*
ALANNA T. DUONG
Senior Litigation Counsel
U.S. Department of Justice

August 25, 2025                    Attorney for Respondents-Appellants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 25, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system.  I further certify that all participants in this case, including Petitioner's counsels, are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Alanna T. Duong*
ALANNA T. DUONG
Senior Litigation Counsel
U.S. Department of Justice
