**Nos. 25-2162 & 25-2357**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

MAHMOUD KHALIL,

Petitioner-Appellee,

v.

PRESIDENT UNITED STATES OF AMERICA; DIRECTOR NEW YORK FIELD OFFICE IMMIGRATION AND CUSTOMS ENFORCEMENT; WARDEN ELIZABETH CONTRACT DETENTION FACILITY; DIRECTOR UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY; SECRETARY UNITED STATES DEPARTMENT OF STATE; ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondents-Appellants.

On Appeal from the United States District Court
for the District of New Jersey, No. 25-1963 (MEF) (MAH)

**MOTION FOR LEAVE TO FILE AMICUS OUT OF TIME**

# MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OUT OF TIME

Pursuant to Federal Rule of Appellate Procedure 29(a)(3), the National Jewish Advocacy Center ("NJAC") makes this motion for leave to file the accompanying *amicus curiae* brief in support of Respondent-Appellant's appeal of the district court's granting of Appellee's motion for preliminary injunction, and to file said brief after the Court's 5:00 p.m. filing deadline. NJAC contacted the parties by email dated August 25, 2025, and reports that Petitioner-Appellee takes no position and Respondent-Appellant does not oppose.

Since its founding in 2020, the National Jewish Advocacy Center ("NJAC") has become recognized as a leader in combatting antisemitism by developing and supporting innovative legal solutions that drive change. Antisemitic hate crimes, discriminatory rhetoric, and biased policies have become increasingly common since Hamas's October 7, 2023, terrorist attack on Israel. The promotion of violent, pro-terror rhetoric has led to the marked rise in antisemitism. The failure to adequately address and condemn this normalizes the catastrophic rise of institutionalized antisemitism around the world.

When assessing a potential amici's proffered interest in a case,

this Court first looks to whether "the amicus has a special interest in the particular case." *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 133 (3rd Cir. 2022). Here, NJAC represents a number of victims of Hamas's October 7 terror attacks against a variety of entities alleged to have provided material support to Hamas. NJAC's interests are affected insofar as those it represents are directly affected by the promulgation of Hamas's rhetoric and literature.

The Court is also advised to assess whether "(2) the amicus' interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the amicus is not partial to a particular outcome in the case." *Id.* However, "[T]here is no rule that an amicus be 'totally disinterested.'" *United States v. Alkaabi*, 223 F. Supp. 583, 592 (D.N.J. 2002).

The amicus' interest is not adequately represented. As of now, there is no current party or amicus thus far who has the same perspective as NJAC—namely, an organization that represents the victims of the October 7 terror attacks and who knows more readily the scourge of antisemitism that has taken shape in the wake of October 7. The proffered information in the proposed Brief undoubtedly will be useful to the Court, as it provides a unique and appropriate perspective, given the specific parameters of this case.

Lastly, while not "totally disinterested" in the outcome of this case, NJAC submits this Brief out of a desire to address a matter of critical importance to its general mission.

NJAC believes that the court below erred when it granted Petitioner-Appellee's motion for a preliminary injunction because it construed the definition of "foreign policy" too narrowly when it found that the U.S. Secretary of State's determination that Appellee's activities implicated U.S. foreign policy did not satisfy the necessary statutory requirements. NJAC believes that the district court further erred in failing to adequately consider the nature of Appellee's omissions on his application to become a lawful permanent resident ("LPR"). Namely, Appellee failed to disclose that he had worked at the United Nations Relief and Work Agency ("UNRWA") when he submitted his LPR application. Appellee worked at UNRWA on October 7th, and UNRWA has long employed members of Hamas, including individuals who participated in October 7th's heinous acts of terror.

The proper resolution of this matter is of critical importance to NJAC because it involves one of the United States' first post-October 7th attempts to hold responsible individuals who pose a danger to Jews

3

around the world based on domestic acts and who seek to interfere with the United States' foreign policy goals, especially as they relate to Israel and antisemitism. There is a direct relationship between the normalization of terrorism and violence and the rise of antisemitism. To combat antisemitism and support national security, it is vital that the U.S. Government maintain its authority to revoke legal status from individuals who undermine the safety and stability of society, both within the United States and beyond its borders.

Due to technical difficulties in accessing the Court's electronic filing system, NJAC was unable to file the *amicus curiae* brief by the Court's 5:00 p.m. filing deadline. Therefore, NJAC respectfully requests leave from the Court to file the *amicus curiae* brief out of time.

Accordingly, NJAC seeks leave to file this *amicus* in support of Respondent-Appellant's appeal to the district court's granting of Petitioner-Appellee's motion for preliminary injunction.

For the foregoing reasons, NJAC's motion for leave to file an *amicus curiae* brief out of time should be GRANTED.

Dated: August 27, 2025

Respectfully submitted,

*/s/ Jason B. Torchinsky*
Jason B. Torchinsky
Holtzman Vogel Baran
 Torchinsky & Josefiak, PLLC
2300 N. Street, NW
Suite 643
Washington, DC 20037
Phone: (202) 737-8808
jtorchinsky@holtzmanvogel.com

*Counsel for Amicus Curiae*

5

## CERTIFICATE OF COMPLIANCE

I, Jason B. Torchinsky, counsel for *amicus curiae* National Jewish Advocacy Center and a member of the bar of this Court, certify, pursuant to Federal Rules of Appellate Procedure 27(d)(2) and 32(g), that the foregoing motion is proportionately spaced, has a typeface of 14 points, and contains 775 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

Dated: August 27, 2025                              */s/ Jason B. Torchinsky*
                                                    Jason B. Torchinsky

## CERTIFICATE OF SERVICE

I, Jason B. Torchinsky, counsel for *amicus curiae* National Jewish Advocacy Center and a member of the bar of this Court, certify that on August 27, 2025, the foregoing motion was filed using the Court's electronic filing system. I further certify that all participants in the case are registered users with the electronic filing system and that service will be accomplished by that system.

Dated: August 27, 2025         /s/ *Jason B. Torchinsky*
                               Jason B. Torchinsky