# Nos. 25-2162 & 25-2357

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

Mahmoud KHALIL,

*Petitioner–Appellee*,

Donald J. TRUMP, in his official capacity as President of the United States; William P. JOYCE, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Yolanda PITTMAN, in her official capacity as Warden of Elizabeth Contract Detention Facility; Todd LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; Kristi NOEM, in her official capacity as Secretary of the Department of Homeland Security; Marco RUBIO, in his official capacity as Secretary of State; and Pamela BONDI, in her official capacity as Attorney General of the Department of Justice,

*Respondents–Appellants*.

**APPELLEE'S SUPPLEMENTAL BRIEF**

The government's post-argument submission of recently promulgated EOIR guidance ultimately supports the district court's conclusions that "the immigration courts could not meaningfully develop this case, legally or factually," JA155, and that it has subject-matter jurisdiction over Petitioner's claims challenging the Rubio Determination notwithstanding 8 U.S.C. § 1252(b)(9).

First, while the EOIR guidance is critical of longstanding limitations on agency adjudication of constitutional issues, it does not—and could not—disturb that precedent. *See* Gov't 28(j) Letter, Ex. A at 7 ("To be clear, this PM cannot—and does not purport to—alter any precedent issued by an EOIR adjudicator."). This Court and other circuits have long recognized the incapacity of Immigration Judges ("IJs") and the Board of Immigration Appeals ("BIA") to consider constitutional claims. *See, e.g.*, *Bonhometre v. Gonzales*, 414 F.3d 442, 447 n.7 (3d Cir. 2005); *Sewak v. INS*, 900 F.2d 667, 670 (3d Cir. 1990); *Cantu-Delgadillo v. Holder*, 584 F.3d 682, 687 (5th Cir. 2009) (per curiam); *Monteon-Camargo v. Barr*, 918 F.3d 423, 429 (5th Cir. 2019); *see also, e.g.*, *Vargas v. U.S. Dep't of Immigr. & Naturalization*, 831 F.2d 906, 908 (9th Cir. 1987). So too has the agency, through its own, still-binding precedent. *See Matter of Ramos*, 15 I. & N. Dec. 671, 675 (BIA 1976) ("we do not entertain constitutional challenges" and agency is powerless to address respondent's "as applied" equal protection and due process challenges); *Matter of G-K-*, 26 I. & N. Dec. 88, 96 (BIA 2013) (powerless to address void-for-vagueness claim); *Matter of C-*, 20 I. & N. Dec. 529, 532 (BIA 1992) ("settled" that IJ and BIA "lack jurisdiction to rule upon the constitutionality of the [INA] and the regulations."); *Matter of Valdovinos*, 18 I. & N. Dec. 343, 345–46 (BIA 1982) (powerless to address overbreadth); *Matter of H-*, 3 I. & N. Dec. 411, 419, 456 (BIA 1948) (powerless to address as-applied First Amendment argument).

Second, the EOIR guidance cannot change what actually happened in this case. The IJ refused to permit fact-finding on the Rubio Determination and potential retaliatory animus, telling Mr. Khalil's attorney that he was "in the wrong court for that." JA 162. The government took the exact same position in these proceedings, telling the district court that the BIA and IJ were "powerless" to address Mr. Khalil's constitutional claims. ECF 185 at 2 (D.N.J.) (attached).[1]

---

[1] Notably, the government has not, in the wake of the new guidance, asked the BIA to remand Mr. Khalil's case to the IJ for fact-finding—perhaps because doing so would, in the normal course, involve a change of venue to a non-detained docket near where Mr. Khalil resides instead of the Louisiana forum the government selected through his retaliatory detention and transfer there. ECF 362 at 1 n.1 (D.N.J); ECF 375 at 1 n.1 (D.N.J.). In any event, any such fact-finding before the

1

Third, even if the EOIR guidance could somehow change some aspects of constitutional adjudication before the agency, it still would not change the fact that the agency could not consider the particular First Amendment claim in this case. That is because the BIA itself has strictly limited review over challenges to a Secretary of State's determination under 8 U.S.C. § 1227(a)(4)(C), rejecting even an IJ's ability to "inquire into the reasonableness" of that determination, *In re Ruiz-Massieu*, 22 I. & N. Dec. 833 (BIA 1999), much less whether it was invalid because it amounted to unconstitutional retaliation, *see id.* at 838 n.6 (noting BIA has no authority to address First Amendment and void-for-vagueness claims addressed in federal court cases). ECF 190 at 2–3 (D.N.J.) (attached). Whatever the EOIR guidance might have done, it did not and could not have overturned *that* precedent, and that conclusively renders it immaterial here. *See In re Ruiz-Massieu*, 22 I. & N. Dec. at 843 (calling "the role of the Secretary of State under" the section "sui generis" in immigration law and explaining that Congress would not have granted IJs or the BIA "authority to question the validity of that determination"); JA1652 (IJ: "There is no indication that Congress contemplated an [IJ], or even the Attorney General, overruling the Secretary of State on a question of foreign policy.").[2]

The district court properly held, therefore, that the administrative proceedings and petition-for-review process could not provide "meaningful review" of Mr. Khalil's urgent and irreparable claims of censorship, punishment, and retaliation. *See, e.g.*, JA184–90; Resp. Br. 39–40; *E.O.H.C. v. Sec'y U.S. D.H.S.*, 950 F.3d 177 (3d Cir. 2020); *see also, e.g.*, *Oestereich v. Selective Serv. Sys. Local Bd. No. 11*, 393 U.S. 233, 237–38 (1968); *Nat'l Socialist Party of Am. v. Vill. of Skokie*, 432 U.S. 43, 44 (1977) (per curiam).[3]

---

agency would be far more limited than fact-finding on habeas review in district court. JA163–69.

[2] Further, the government conceded below that the IJ could not enjoin the Policy that Mr. Khalil's petition challenges. ECF 190 at 3 (D.N.J) (attached); *see Saget v. Trump*, 345 F. Supp. 3d 287, 296 (E.D.N.Y. 2018) (IJ cannot review policy challenge). Neither Mr. Khalil's Policy claim nor his First Amendment retaliation challenge to the government's post-hoc misrepresentation charge, *see* ECF 382 (D.N.J.) (Fourth Amended Petition), are before this Court.

[3] Contrary to the government's arguments, *Reno v. Arab-American Anti-Discrimination Committee*, 525 U.S. 471 (1999) ("*AADC*") does not defeat Mr. Khalil's First Amendment challenge to the Rubio Determination. That challenge falls outside the plain language of § 1252(g), Resp. Br. 28–34, and is not a selective enforcement claim, Oral Argument Tr. 32:18–33:25, 45:14–46:24; *see Karns v*

2

Ultimately, the government's eleventh-hour reliance on the guidance underscores the inherent limitations of agency proceedings in the unique circumstances of this case. As a Department of Justice ("DOJ") employee, an IJ is neither permitted nor positioned to entertain First and Fifth Amendment challenges that could invalidate the Secretary of State's "foreign policy ground" determination. *See In re Ruiz-Massieu*, 22 I. & N. Dec. at 843. Nor is it meaningful review to provide a lawful permanent resident with an *eventual* judicial forum in the court of appeals and the *potential* opportunity for fact-finding on his challenge to the Secretary of State's determination only *after* the DOJ strips him of his status and makes him imminently deportable.[4] By contrast, the Great Writ is designed precisely for individuals who need immediate federal review of unlawful executive detention and removal. *See Trump v. J.G.G.*, 604 U.S. 670, 671–72 (2025) (per curiam). Habeas review is critical here given the immediate and ongoing First Amendment censorship and chill, as to which a neutral arbiter must be empowered to develop the record at the start of the process, not the end, and have the power to issue the type of interim relief a habeas court can issue to order release and prohibit removal. *See id.*; *cf. Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (observing that adequate and effective substitute for habeas review must ensure detainees' ability to meaningfully develop factual record and "contest . . . findings of fact," challenge executive's "legal authority to detain them," "supplement the record on review," and "request an order of release"). The EOIR guidance does nothing to change longstanding precedent regarding limitations on fact-finding and the adjudication of constitutional claims before IJs, nor does it empower the agency to take the types of actions necessary to address the executive's unconstitutional restraints on Mr. Khalil's liberty.

---

*Shanahan*, 879 F.3d 504, 520–21 (3d Cir. 2018) (considering retaliation and selective enforcement claims separately and describing different tests). And any future selective enforcement claim (against, for example, the post-hoc addition of a second removal charge in Mr. Khalil's case) would, at minimum, permissibly proceed under *AADC*'s "outrageous" discrimination exception, 525 U.S. at 491.

[4] The government belatedly insists that the INA "does not preclude a court of appeals from obtaining additional fact-finding if the agency record is inadequate," Gov't 28(j) Letter at 1. But even assuming that *the Fifth Circuit* could, on review of a PFR, remand to a district court for additional fact-finding, it is unclear whether *this Court* could compel such a remand, and that kind of ping-ponging procedure would only compound the ongoing chilling effects from prolonged delay of review of Mr. Khalil's claims. And because the Fifth Circuit almost never grants stays pending review of PFRs, *see* ECF 378 (D.N.J), there is even a risk that any remand for factual development would come *after* Petitioner is physically removed from the country.

Dated: November 10, 2025                                /s/ Brett Max Kaufman

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION<br>Jeanne LoCicero<br>Farrin R. Anello<br>Molly K.C. Linhorst<br>Liza Weisberg<br>570 Broad Street, 11th Floor<br>Newark, New Jersey 07102<br>Tel: (973) 854-1715<br><br>NEW YORK CIVIL LIBERTIES UNION FOUNDATION<br>Amy Belsher<br>Robert Hodgson<br>Veronica Salama<br>Molly Biklen<br>125 Broad Street, 19th Floor<br>New York, N.Y. 10004<br>Tel: (212) 607-3300<br><br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>Omar Jadwat<br>Noor Zafar<br>Michael K.T. Tan<br>Sidra Mahfooz<br>Brian Hauss<br>Esha Bhandari<br>Vera Eidelman<br>Tyler Takemoto<br>Brett Max Kaufman<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Tel: (212) 549-2500 | CENTER FOR CONSTITUTIONAL RIGHTS<br>Baher Azmy<br>Samah Sisay<br>Diala Shamas<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>Tel: (212) 614-6464<br><br>CLEAR PROJECT<br>MAIN STREET LEGAL SERVICES, INC.<br>Ramzi Kassem<br>Naz Ahmad<br>Mudassar Hayat Toppa<br>Shezza Abboushi Dallal<br>CUNY School of Law<br>2 Court Square<br>Long Island City, NY 11101<br>Tel: (718) 340-4558<br><br>WASHINGTON SQUARE LEGAL SERVICES, INC.<br>Alina Das<br>Kyle Barron<br>Immigrant Rights Clinic<br>245 Sullivan Street, 5th Floor<br>New York, New York 10012<br>Tel: (212) 998-6430<br><br>DRATEL & LEWIS<br>Amy E. Greer<br>29 Broadway, Suite 1412<br>New York, NY 10006<br>Tel: (212) 732-8805<br><br>VAN DER HOUT LLP<br>Marc Van Der Hout<br>Johnny Sinodis |

4

<table>
<tr><td><i>Counsel for Petitioner–Appellee</i></td><td>Oona Cahill<br>360 Post St., Suite 800<br>San Francisco, CA 94108<br>Tel: (415) 981-3000</td></tr>
</table>