**Nos. 25-2162 & 25-2357**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

Mahmoud KHALIL,

*Petitioner–Appellee,*

Donald J. TRUMP, in his official capacity as President of the United States; William P. JOYCE, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Yolanda PITTMAN, in her official capacity as Warden of Elizabeth Contract Detention Facility; Todd LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; Kristi NOEM, in her official capacity as Secretary of the Department of Homeland Security; Marco RUBIO, in his official capacity as Secretary of State; and Pamela BONDI, in her official capacity as Attorney General of the Department of Justice,

*Respondents–Appellants.*

**PETITIONER–APPELLEE'S MOTION FOR
A 30-DAY EXTENSION OF TIME TO FILE & AN ENLARGEMENT OF
ANY PETITION FOR REHEARING OR REHEARING EN BANC**

Petitioner–Appellee Mahmoud Khalil moves, pursuant to Federal Rules of Appellate Procedure 26(b) and 27 and L.A.R. 31.4, for (1) a 30-day extension of time in which to file any petition for rehearing or rehearing en

1

banc, and (2) an enlargement of any petition for rehearing or rehearing en banc to 8,000 words.

On January 15, 2026, this Court issued a divided precedential opinion reversing multiple orders of the district court. *Khalil v. President of the United States of America*, 2026 WL 111933 (3d Cir. Jan. 15, 2026). Without any extension of time or enlargement, any petition for rehearing or rehearing en banc would be due on or before March 2, 2026, *see* Fed. R. App. P. 40(d)(1)(C), and limited to 3,900 words, *see* Fed. R. App. P. 40(d)(3)(A).[1] Though consent for such motions (including from the federal government) is routine in this Circuit,[2] counsel for Respondents opposes both requests, without elaboration; however, Petitioner is willing to consent to similar requests by the government should the Court order a response to any petition. Should the Court determine that an extension or enlargement shorter or

---

[1] The 45-day deadline for the filing of petitions in cases against government officials sued in their official capacities falls on Sunday, March 1, yielding a deadline of Monday, March 2. *See* Fed. R. App. P. 26(a)(1)(C).

[2] *See, e.g.*, Appellants' Mot. for Extension of Time to File Petition for Rehearing En Banc at 2, *United States v. Baldwin*, No. 23-3238 (3d Cir. Dec. 26, 2024) (indicating government consent for 30-day extension of deadline for petition for rehearing en banc).

2

smaller than those requested are warranted, Petitioner would welcome such abbreviated relief.

There is good cause for both requests. The Court's divided opinion decided novel and significant questions of federal immigration and habeas law and, if left intact, would ultimately permit the re-detention of Mr. Khalil, a lawful permanent resident who already spent 104 days in immigration detention and missed the birth of his child based purely on his speech. The Court's opinion resolved two consolidated appeals and, upon issuance of the mandate, would vacate five different district court orders. *See* Dkt. No. #133 (Judgment). The litigation history of this matter alone is lengthy and complex, involving, below, multiple 100-page opinions, a bail order, an injunction, and, in this Court, multiple motions for stays as well as ten amicus briefs. Further, the legal issues decided by the panel are complex and far-reaching, yielding 70 pages of divided opinions in this Court. Moreover, the same issues are currently pending before other sister courts of appeal, and additional opinions from those courts may inform Petitioner's rehearing petition as well as benefit this Court's consideration of it. *See Öztürk v. Hyde*, No. 25-1019 (2d Cir. argued Sept. 30, 2025); *Mahdawi v. Trump*, No. 25-1113

(2d Cir. argued Sept. 30, 2025); *Suri v. Trump*, No. 25-1560 (4th Cir. oral argument scheduled Mar. 17, 2026).

Given the complexity of the multiple issues presented and the significance of the panel majority's decision to both Petitioner's liberty interests and to other habeas petitioners,[3] the participation of many amici in this matter who will benefit from additional time to consider and prepare additional amicus filings relevant to the Court's considering of rehearing,[4] as well as the possibility of imminent decisions from other courts relevant to Mr. Khalil's petition, there is good cause for the granting of additional time and words with respect to any petition for rehearing to ensure the proper presentation of the issues to this Court.

This is Petitioner's first request to extend this deadline. This Court routinely grants extensions of time to file rehearing petitions, including where

---

[3] *See, e.g.*, Unopposed Mot. for 30-Day Extension of Time to File Reh'g Pet. at 2, *Phila. Bail Fund v. Arraignment Ct. Magistrate Judges*, No. 20-1632 (3d Cir. Oct. 5, 2020) (seeking consented-to extension based in part on "the complexity and importance of the issues involved") (granted on Oct. 8, 2020).

[4] *See, e.g.*, Unopposed Mot. for 21-Day Extension of Time to File a Pet. for Reh'g En Banc at 2, *Pub. Int. Legal Found. v. Sec'y of the Commonwealth of Penn.*, No. 23-1590 (3d Cir. Apr. 28, 2025) (seeking consented-to extension based in part on the benefit of permitting amici "sufficient time to review the Court's precedential decision and prepare an *amicus* filing") (granted on May 2, 2025).

the government seeks additional time in similar circumstances. *See, e.g.,* Order, *United States v. Giraud*, No. 25-2635 (3d Cir. Dec. 11, 2025) (granting government's 30-day extension request); *Sanofi-Aventis v. U.S. Dep't of Health & Human Servs.*, No. 21-3167 (3d Cir. Feb. 28, 2023) (granting government defendants' 30-day extension request). While enlargements of petitions for rehearing are admittedly rare, Petitioner submits that the specific circumstances in these appeals justify such relief here.

Accordingly, Petitioner respectfully requests a 30-day extension of time to file any petition for rehearing or rehearing en banc, until **March 31, 2026**,[5] and an enlargement of any petition to **8,000 words**. Should the Court determine that an extension or enlargement shorter or smaller than those requested are warranted, Petitioner would welcome such abbreviated relief. Petitioner thanks the Court for its consideration of these requests.

---

[5] Because the calculated deadline for a petition currently falls on Sunday, March 1, it would ordinarily be due on Monday, March 2. *See supra* note 2. However, through this request for a 30-day extension of time, the extended deadline would fall on Tuesday, March 31, which is 30 days after the original deadline, without any adjustment for falling on a weekend or holiday.

Dated: February 4, 2026      /s/ Brett Max Kaufman

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION<br>Jeanne LoCicero<br>Farrin R. Anello<br>Molly K.C. Linhorst<br>Liza Weisberg<br>570 Broad Street, 11th Floor<br>Newark, New Jersey 07102<br>Tel: (973) 854-1715 | CENTER FOR CONSTITUTIONAL RIGHTS<br>Baher Azmy<br>Samah Sisay<br>Diala Shamas<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>Tel: (212) 614-6464 |
| NEW YORK CIVIL LIBERTIES UNION FOUNDATION<br>Amy Belsher<br>Robert Hodgson<br>Veronica Salama<br>Molly Biklen<br>125 Broad Street, 19th Floor<br>New York, N.Y. 10004<br>Tel: (212) 607-3300 | CLEAR PROJECT<br>MAIN STREET LEGAL SERVICES, INC.<br>Naz Ahmad<br>Mudassar Hayat Toppa<br>Shezza Abboushi Dallal<br>CUNY School of Law<br>2 Court Square<br>Long Island City, NY 11101<br>Tel: (718) 340-4558 |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>Omar Jadwat<br>Noor Zafar<br>Michael K.T. Tan<br>Sidra Mahfooz<br>Brian Hauss<br>Esha Bhandari<br>Vera Eidelman<br>Brett Max Kaufman<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Tel: (212) 549-2500 | WASHINGTON SQUARE LEGAL SERVICES, INC.<br>Alina Das<br>Kyle Barron<br>Immigrant Rights Clinic<br>245 Sullivan Street, 5th Floor<br>New York, New York 10012<br>Tel: (212) 998-6430<br><br>DRATEL & LEWIS<br>Amy E. Greer<br>29 Broadway, Suite 1412<br>New York, NY 10006<br>Tel: (212) 732-8805<br><br>VAN DER HOUT LLP<br>Marc Van Der Hout |

1

|  |  |
|---|---|
|  | Johnny Sinodis |
|  | Oona Cahill |
|  | 360 Post St., Suite 800 |
|  | San Francisco, CA 94108 |
| *Counsel for Petitioner–Appellee* | Tel: (415) 981-3000 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2026, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Third Circuit by using the CM/ECF system. All counsel of record in this case are registered CM/ECF users.

*/s/ Brett Max Kaufman*
Brett Max Kaufman
*Counsel for Petitioner–Appellee*
