

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**

April 14, 2025

Patricia S. Dodszuweit, Clerk of the Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

> **Re:** ***Khalil v. Trump***, **Nos. 25-2162 & 25-2357 (petition for review en banc pending)**
> **FRAP 28(j) Letter: Board of Immigration Appeals ("BIA") Final Order of Removal**

Dear Ms. Dodszuweit,

Petitioner-Appellee Mahmoud Khalil notifies the Court that the BIA entered a final order in his immigration case, based on the "foreign policy" ground ("FPG") and the "misrepresentation" ground, both of which are challenged in Mr. Khalil's habeas petition.[1] The BIA relied on the FPG despite the district court's injunction, erroneously concluding that the mandate from this Court had issued. BIA.Op. at 3 n.3; FRAP 41(b).[2] The BIA's opinion underscores the need for habeas jurisdiction here.

First, even in extraordinary circumstances where the government has rushed administrative review,[3] Mr. Khalil has waited more than a year for

---

[1] Mr. Khalil attaches the BIA opinion with redactions to protect sensitive, non-public information but can submit the unredacted opinion under seal at the Court's request.

[2] Mr. Khalil has filed a motion for reconsideration in the BIA based on this clear error.

[3] The BIA published its opinion nine days after the close of briefing, with the entire appeal taking 182 days (including an almost 90-day stay)—much



those proceedings to conclude. Under the panel opinion, that is a year during which Mr. Khalil's constitutional claims of retaliatory, punitive, and unjustified executive detention have no federal forum at all, let alone an adequate and effective substitute for habeas. Dkt.115-1 at 21-23.

Second, the Fifth Circuit, on a PFR, will *still* not have the ability to remedy unconstitutional detention. The BIA's order says nothing about the lawfulness of detention, and those questions will not be on review. Dkt.115-1 at 24-26, 32-37; Dkt.147 at 11-14.

Third, even with respect to removal, the BIA's opinion shows that the administrative process has only delayed meaningful review while producing "little or nothing" to develop his constitutional claims. JA154-56; Dkt.115-1 at 29-30; Dkt.147 at 10-11; *see* BIA.Op. at 5 ("Aliens in removal proceedings are not entitled to conduct discovery directed towards the records, officers, agents, or employees of" the government.); *id.* at 6 (rejecting possibility of adjudicating constitutional claims).

Respectfully,

*/s/ Brett Max Kaufman*

AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY FOUNDATION
Jeanne LoCicero
Farrin R. Anello
Molly K.C. Linhorst
Liza Weisberg
570 Broad Street, 11th Floor

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Samah Sisay
Diala Shamas
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464

---

quicker than the average non-detained timeline of 809 days. *See Claudio A.A. v. Bondi*, 2026 WL 468232, at *6 n.9 (D. Minn. Feb. 12, 2026).



Newark, New Jersey 07102
Tel: (973) 854-1715

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
Amy Belsher
Robert Hodgson
Veronica Salama
Molly Biklen
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Omar Jadwat
Noor Zafar
Sidra Mahfooz
Brian Hauss
Esha Bhandari
Brett Max Kaufman
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500

CLEAR PROJECT
MAIN STREET LEGAL SERVICES, INC.
Naz Ahmad
Mudassar Hayat Toppa
Shezza Abboushi Dallal
CUNY School of Law
2 Court Square
Long Island City, NY 11101
Tel: (718) 340-4558

WASHINGTON SQUARE LEGAL SERVICES,
INC.
Alina Das
Kyle Barron
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel: (212) 998-6430

DRATEL & LEWIS
Amy E. Greer
29 Broadway, Suite 1412
New York, NY 10006
Tel: (212) 732-8805

VAN DER HOUT LLP
Marc Van Der Hout
Johnny Sinodis
Oona Cahill
360 Post St., Suite 800
San Francisco, CA 94108
Tel: (415) 981-3000

*Counsel for Petitioner–Appellee*