**Nos. 25-2162 & 25-2357**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

MAHMOUD KHALIL,

Petitioner-Appellee,

v.

PRESIDENT UNITED STATES OF AMERICA; DIRECTOR NEW YORK
FIELD OFFICE IMMIGRATION AND CUSTOMS ENFORCEMENT;
WARDEN ELIZABETH CONTRACT DETENTION FACILITY; DIRECTOR
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT;
SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
SECRETARY UNITED STATES DEPARTMENT OF STATE; ATTORNEY
GENERAL UNITED STATES OF AMERICA,

Respondents-Appellants.

On Appeal from the United States District Court
for the District of New Jersey, No. 25-1963 (MEF) (MAH)

## RESPONDENTS-APPELLANTS' MOTION FOR CLARIFICATION OR
## MODIFICATION OF ORDER STAYING MANDATE

Respondents-Appellants ("the Government") respectfully move this Court to clarify or modify its May 26, 2026 Order (Dkt. 160) to provide that the stay of the mandate is conditioned upon Petitioner not requesting an extension of time to file his certiorari petition with the Supreme Court. Thus, the stay of the mandate would extend only for the 90-day period for filing a certiorari petition; if a petition is filed, the stay would continue until the denial of the certiorari petition or, if granted, until the disposition of the case on the merits.

This Court denied Petitioner's petition for rehearing *en banc* on May 22, 2026 (Dkt. 155). The Court then granted Petitioner's motion for a stay of the mandate pending Supreme Court review (Dkt. 160). The order stayed the mandate "pending Appellee's Filing of a Petition for Certiorari, if any, and the United States Supreme Court's final disposition or until the time for filing such petition has expired." *Id.* at 1.

The Government respectfully requests that the Court modify or clarify its order to provide that the mandate should be stayed pending the filing of a certiorari petition *only if* Petitioner files his petition within the default 90-day period provided by Supreme Court Rule 13. This Court stayed the mandate to ensure that Petitioner had sufficient time to seek Supreme Court review before the mandate issued and the district court's injunction against his removal and detention is dissolved. The default 90-days for filing a certiorari petition is more than sufficient time for Petitioner to prepare and file a petition. That is especially true of Petitioner, who is represented by no less than *eight* organizations and law firms in this appeal that are fully up-to-speed on the issues.

1

While Petitioner will suffer no harm by having to file his certiorari petition within the default 90-day window prescribed by Supreme Court Rule 13, the Government has an indisputable interest in the "prompt execution of removal orders." *Nken v. Holder*, 556 U.S. 418, 436 (2009). The Court should not allow Petitioner to unnecessarily draw out the timeline for seeking Supreme Court review at the expense of the Government's ability to execute a valid final order of removal. Indeed, Congress has made clear its determination that federal courts should not interfere with the Executive's decisions to "execute removal orders against any alien." 8 U.S.C. §1252(g). This Court should not allow Petitioner to take advantage of this Court's decision to stay the mandate pending Supreme Court review by unnecessarily delaying and elongating that review.

Petitioner's position on the Government's motion is as follows: "Petitioner is unwilling to waive his right to apply for an extension of time should the need arise, and any such application would be a matter committed to the discretion of the Supreme Court." It is, indeed, the Supreme Court's prerogative to decide whether to grant an extension of time to file a certiorari petition. But it is this Court's prerogative to decide the conditions upon which it enters a stay of its mandate. And it is hard to imagine what "need" would justify an extension given Petitioner's army of lawyers.

Accordingly, the Government respectfully requests that the Court clarify or modify its order to provide that the stay of the mandate is conditioned upon Petitioner filing his certiorari petition within the default 90-day period and not seeking an extension of that deadline from the Supreme Court.

Respectfully submitted,

/s/ *Alanna T. Duong*

BRETT A. SHUMATE
Assistant Attorney General

ALANNA T. DUONG
Senior Litigation Counsel
Office of Immigration Litigation

YAAKOV M. ROTH
Principal Deputy Assistant Attorney
  General

Civil Division, U.S. Dept. Justice
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-7040

DREW C. ENSIGN
Deputy Assistant Attorney General

alanna.duong@usdoj.gov

BENJAMIN HAYES
Senior Counsel to the Assistant
  Attorney General

ANIELLO DESIMONE
JOSHUA C. MCCROSKEY
Trial Attorneys

AUGUST E. FLENTJE
Special Counsel for Immigration
  Litigation

June 3, 2026

Attorneys for Respondents-Appellants

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(2) and 32(g) because it was prepared using Garamond type, is double-spaced, has 10.5 or fewer characters per inch; and contains 564 words, excluding the parts exempted by Rule 32(f).

/s/ Alanna T. Duong
ALANNA T. DUONG
Senior Litigation Counsel
U.S. Department of Justice

June 3, 2026                                 Attorney for Respondents-Appellants


## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Third Circuit by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ Alanna T. Duong
ALANNA T. DUONG
Senior Litigation Counsel
U.S. Department of Justice