**Nos. 25-2162 & 25-2357**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

---

Mahmoud KHALIL,

*Petitioner–Appellee*,

President, United States of America; Director, New York Field Office Immigration and Customs Enforcement; Warden, Elizabeth Contract Detention Facility; Director, Immigration and Customs Enforcement; Secretary, United States Department of Homeland Security; Secretary, United States Department of State; and Attorney General, United States of America,

*Respondents–Appellants*.

---

**PETITIONER–APPELLEE'S EMERGENCY MOTION TO FURTHER STAY THE ISSUANCE OF THE MANDATE PENDING THE FILING AND DISPOSITION OF A PETITION FOR CERTIORARI TO THE UNITED STATES SUPREME COURT**

---

Petitioner–Appellee Mahmoud Khalil moves, pursuant to Federal Rule of Appellate Procedure 41(d), for an additional 30-day stay of the mandate in this case pursuant to the U.S. Supreme Court's granting, earlier today, of a second 30-day extension of time within which to file a petition for a writ of certiorari. Mr. Khalil's petition is now due on October 19, 2026. Petitioner now moves to extend this Court's previous order staying the mandate for this additional

period, as well as through any subsequent disposition of that petition by the U.S. Supreme Court.

**Because this Court's stay of the mandate is currently set to expire on Monday, September 21, 2026, despite the U.S. Supreme Court's recent grant of an extension of the deadline to file a petition for certiorari to October 19, 2026, Petitioner respectfully requests that this Court rule on this motion by Friday, September 18, 2026.**

## BACKGROUND

1. On May 22, 2026, the full Court denied, by a vote of 6 to 5, Mr. Khalil's petition for en banc review, Order, Dkt. No. 155, of this Court's January 15, 2026 panel opinion finding that the district court lacked subject matter jurisdiction over Petitioner's habeas corpus petition—which had challenged the government's retaliatory and punitive detention of Petitioner and its attempted removal—and which ordered the underlying orders of the district court vacated.

2. That same day, on May 22, 2026, Petitioner sought a stay of the mandate, to permit Petitioner to file a petition for certiorari to the U.S. Supreme Court. Dkt. No. 157. The government opposed. Dkt. No. 158.

3. On May 26, 2026, this Court granted a stay of the mandate "pending the Appellee's Filing of a Petition for Certiorari, if any, and the United States

Supreme Court's final disposition or until the time for filing such petition has expired." Dkt. No. 160. On June 4, this Court issued a Clarification Order, that stayed the mandate for 90 days from the May 22, 2026 denial of rehearing en banc (to August 20, 2026), and provided that, upon the Supreme Court's grant of an extension request, "issuance of this Court's mandate shall be stayed for an additional 30 days or for the duration of the extension from the Supreme Court, whichever period is shorter. If Mahmoud Khalil files a timely Petition for Writ of Certiorari, this Court's mandate shall be stayed pending the Supreme Court's final disposition of that Petition." That Clarification Order requested a status report upon the filing of an extension request. Dkt. No. 162.

4. On July 15, 2026, in the Supreme Court, Petitioner filed for a 30-day extension of time to file his petition for certiorari from August 20 to September 21, 2026 (September 19th being a Saturday), which the Court, per Justice Alito, granted on July 26, 2026. Petitioner soon after filed a status report informing the Court of the grant of the 30-day extension to September 21, 2026. Dkt. No. 164.

5. On September 9, 2026, Petitioner filed a request for a second, 30-day extension of time to file his petition to the Supreme Court, owing to the recently arisen unavailability of lead counsel from the ACLU, the ACLU's state affiliates, and the CLEAR Project. On the same day, Petitioner filed a status

report informing this Court that he had sought a second, 30-day extension to file his petition for certiorari and alerting the Court that should such extension be granted, Petitioner would return to this Court to seek a corresponding extension of the stay of the mandate in this case. Dkt. No. 166.

6. On the afternoon of September 17, the Supreme Court, per Justice Alito, granted Petitioner-Appellee's request, and extended the deadline to file a petition for certiorari to October 19, 2026. *See No. 26A90: Proceedings and Orders*, Supreme Court of the United States, https://www.supremecourt.gov/docket/docketfiles/html/public/26A90.html (last visited Sept. 17, 2026).

**ARGUMENT**

7. Federal Rule of Appellate Procedure (Fed. R. App. P.) 41 governs the authority of this Court to stay its mandate. In particular, Fed. R. App. P. 41(d)(2) provides that the "stay must not exceed 90 days, unless," under subsection (d)(2)(B)(i), "the time for filing a petition [for certiorari] has been extended [by the U.S. Supreme Court], in which case the stay continues for the extended period."

8. The Supreme Court, per Justice Alito, has extended the time for Mr. Khalil to file his petition for certiorari until October 19, 2026. Pursuant to Fed. R. App. P. 41(d)(2), therefore, the stay of the mandate from this Court should

"continue[] for the extended period"—until October 19, 2026, and including the time for the subsequent disposition of that petition by the Supreme Court.

9. Petitioner-Appellee incorporates the arguments he previously made in support of his initial Motion to Stay the Mandate. *See* Dkt. No. 157 at 7-11 (questions are of exceptional importance); *id.* at 12-14 (this Court's decisions conflict with other circuits'); *id*. at 14-17 (good cause for stay given irreparable harm to Petitioner, lack of prejudice to government and public interest).

10. Notably, Justice Alito granted Petitioner's first 30-day extension request despite the government's opposition, which reprised many of the same arguments the government made in opposing a stay of the mandate in this Court. *See* Opposition, *Khalil v. Trump*, No. 26A90 (U.S. July 17, 2026). In particular, the government argued that any extension would "delay the release of the mandate of the decision below," which would "harm the public interest in prompt execution of removal orders." *Id.* at 5 (cleaned up).

11. Further, since Petitioner sought his initial stay of the mandate from this Court, the likelihood that the Supreme Court will grant the petition for certiorari has substantially increased. On July 23, 2026, a divided panel of the Fourth Circuit, in another habeas case involving a similar challenge to retaliatory and punitive detention, explicitly disagreed with the reasoning and

holding of this Court and held that 8 U.S.C. § 1252(b)(9) does not foreclose habeas review of such challenges to such detention. *Suri v. Trump*, 184 F.4th 260 (4th Cir. 2026). This represents a clean circuit split on the same questions presented.[1]

12. The government did not seek rehearing en banc in *Suri*, and its petition for certiorari in that case, absent extension, is due October 21, two days after Petitioner's new deadline for his petition. The alignment of dates for corresponding petitions for certiorari in *Khalil* and *Suri* means the government will suffer no prejudice from a stay of the mandate to October 19, 2026 and the Supreme Court's disposition of a timely-filed petition.

13. The government has indicated its opposition to Petitioner's motion.

## **CONCLUSION**

Pursuant to Fed. R. App. P. 41(d)(2)(B)(i) and for good cause shown, this Court should extend the stay of the mandate in this case until October 19, 2026,

---

1 In *Mahdawi v. Trump* (*Mahdawi II*), 183 F.4th 103 (2d Cir. 2026), a panel of the Second Circuit agreed with this Court, holding that the habeas court lacked subject matter jurisdiction to issue a bail order of another habeas petitioner charged under the Foreign Policy Ground, who raised First and Fifth Amendment challenges to his detention. The Fourth Circuit expressly registered its disagreement with both the Second and Third Circuit's decisions. *Suri v. Trump*, 184 F.4th at 294 n.25 (noting the Second Circuit's opinion in *Mahdawi II* "largely reiterates the Third Circuit's reasoning in *Khalil*"). On September 3, 2026, the Second Circuit *sua sponte* granted en banc review in *Mahdawi*. Order, *Mahdawi v. Trump*, No. 25-1113 (2d Cir. Sept. 3, 2026), Dkt. No. 244.

the new deadline for filing the petition for writ of certiorari and, should a timely petition be filed by that date, be stayed pending the Supreme Court's disposition of that petition.

Dated: September 17, 2026

Respectfully submitted,

*/s/ Baher Azmy*

Baher Azmy
Samah Sisay
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012

Amy E. Greer
DRATEL & LEWIS
29 Broadway, Suite 1412
New York, NY 10006

Alina Das
WASHINGTON SQUARE LEGAL SERVICES, INC.
IMMIGRANT RIGHTS CLINIC
245 Sullivan Street, 5th Floor
New York, NY 10012

Marc Van Der Hout
Johnny Sinodis
Oona Cahill
Kyle Barron (Of Counsel)
VAN DER HOUT LLP
360 Post St., Suite 800
San Francisco, CA 94108

*Counsel for Petitioner-Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2026, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Third Circuit by using the CM/ECF system. All counsel of record in this case are registered CM/ECF users. On September 17, 2026, I also emailed a pdf version of the foregoing document to counsel for Respondents.

*/s/ Baher Azmy*
Baher Azmy
*Counsel for Petitioner–Appellee*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,281 words, and it complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word's 14-point Charter typeface.

*/s/ Baher Azmy*
Baher Azmy
*Counsel for Petitioner–Appellee*

**ANTI-VIRUS CERTIFICATION**

I certify that an electronic copy of this brief was scanned for viruses using Sophos Endpoint Agent anti-virus software (version 2026.2.1.3.0) and no virus was detected.

*/s/ Baher Azmy*
Baher Azmy
*Counsel for Petitioner–Appellee*