**Nos. 25-2162 & 25-2357**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

MAHMOUD KHALIL,

Petitioner-Appellee,

v.

PRESIDENT UNITED STATES OF AMERICA; DIRECTOR NEW YORK FIELD OFFICE IMMIGRATION AND CUSTOMS ENFORCEMENT; WARDEN ELIZABETH CONTRACT DETENTION FACILITY; DIRECTOR UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY; SECRETARY UNITED STATES DEPARTMENT OF STATE; ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondents-Appellants.

On Appeal from the United States District Court
for the District of New Jersey, No. 25-1963 (MEF) (MAH)

# APPELLANTS' OPPOSITION TO APPELLEE'S EMERGENCY MOTION TO FURTHER STAY THE ISSUANCE OF THE MANDATE

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

BENJAMIN HAYES
Senior Counsel to the Assistant Attorney General

AUGUST E. FLENTJE
Deputy Director
Office of Immigration Litigation

ALANNA T. DUONG
Senior Litigation Counsel

ANIELLO DESIMONE
JOSHUA C. MCCROSKEY
Trial Attorneys

## INTRODUCTION

This Court has already answered Petitioner Mahmoud Khalil's emergency motion to further stay the issuance of this Court's mandate. After this Court initially granted Petitioner's motion for a stay of the mandate pending the filing of a petition for a writ of certiorari, the Government asked the Court to modify that relief and stay its mandate for the default 90-day period for filing a certiorari petition, with no allowance for extensions. Petitioner objected, arguing that it is the Supreme Court's prerogative whether to grant an extension and how many to grant. This Court took a middle approach: It ordered that its stay of the mandate would extend for the 90-day period and *only one* 30-day extension. In other words, this Court considered and rejected Petitioner's argument that the duration of this Court's stay of the mandate should depend on how many extensions the Supreme Court is willing to give Petitioner to file his certiorari petition. Instead, the Court gave Petitioner 120 days (and no more) to file that petition with the benefit of a stay of the mandate. He is, of course, free to request more time from the Supreme Court (as he has), but that voluntary choice does not entitle him to protection from this Court's judgment. And his present motion offers no reason why it should.

This Court should deny the motion.

## BACKGROUND

1. The facts and history of this case are well documented in this Court's January 15, 2026 decision, *see* Maj. Op. 3-9 (Dkt. 132), and the Government's opposition to the petition for rehearing en banc, *see* En Banc Pet. Opp. 4-8 (Dkt. 153). A panel of this Court held that Petitioner's detention and removal claims are subject to 8 U.S.C. §1252(b)(9) and so must be channeled through a petition for review to the court of appeals. Maj. Op. 20-29. Accordingly, the Court vacated the district court's decisions for lack of jurisdiction, including its order granting a preliminary injunction against Petitioner's detention and removal. Maj. Op. 38.

2. Petitioner sought rehearing en banc, *see* Pet. for Rehearing En Banc (Dkt. 138), which this Court denied on May 22, 2026, *see* Order on Pet. for Rehearing (Dkt. 155). That afternoon Petitioner filed a motion under Federal Rule of Appellate Procedure 41(d)(1) to stay the mandate pending the filing of a petition for writ of certiorari. *See* Mot. to Stay Issuance of Mandate (Dkt. 157). This Court granted that motion. Dkt. 160.

3. The Government then filed a motion for clarification or modification of the Court's order staying issuance of the mandate. Dkt. 161. In that motion, the Government requested that the Court "clarify or modify its May 26, 2026 Order … to provide that the stay of the mandate is conditioned upon Petitioner not requesting an extension of time to file his certiorari petition with the Supreme Court." Dkt. 161 at 1. As the Government explained, this relief was necessary to avoid enabling "Petitioner to

take advantage of this Court's decision to stay the mandate pending Supreme Court review by unnecessarily delaying and elongating that review." *Id.* at 2. Moreover, the Government explained that Petitioner would not be harmed by this relief considering that he "is represented by no less than *eight* organizations and law firms in this appeal that are fully up-to-speed on the issues." *Id.* at 1.

Petitioner opposed that motion, arguing that he was "unwilling to waive his right to apply for an extension of time should the need arise, and any such application would be a matter committed to the discretion of the Supreme Court." Dkt. 161 at 2.

4. On June 4, 2026, and despite Petitioner's opposition, this Court granted the Government's motion in part. Dkt. 162. Specifically, the Court issued an order providing that its mandate would be "stayed for 90 days from the date the Court entered its order denying Mahmoud Khalil's Petition for Rehearing," and "should the United States Supreme Court grant a request by Mahmoud Khalil for an extension of time to file his Petition for Writ of Certiorari, issuance of this Court's mandate shall be stayed for an additional 30 days or for the duration of the extension from the Supreme Court, *whichever period is shorter*." *Id.* at 1-2 (emphasis added). In other words, the Court provided that the stay of its mandate would be extended for one—and *only* one—30-day extension of the time to file a petition for a writ of certiorari, giving Petitioner's team of lawyers 120 days to prepare the petition.

5. On July 15, 2026, Petitioner requested that one 30-day extension from the Supreme Court. Dkt. 163. Justice Alito granted that request, Dkt. 165, making

Petitioner's petition for a writ of certiorari due on September 21, 2026, and the stay of this Court's mandate effective until that date—but no later.

6. Despite this Court's clear directive that the stay of its mandate would extend for one (and only one) 30-day extension of time to seek Supreme Court review, Petitioner requested another 30-day extension of the time to file his certiorari petition. Dkt. 166. This extension was needed, Petitioner says, "owing to the recently arisen unavailability of lead counsel for the ACLU, the ACLU's state affiliates, and the CLEAR Project." Dkt. 167. The Supreme Court granted that extension, making his petition due on October 19, 2026. Dkt. 167.

Now, Petitioner has filed an emergency motion to extend this Court's stay of the mandate for another 30 days, until October 19, 2026. Dkt. 167.

## ARGUMENT

This Court should deny Petitioner's request for an additional 30-day extension of the stay of the mandate to match his second 30-day extension of time to file a petition for a writ of certiorari. This Court already considered and rejected Petitioner's argument that the stay of the mandate should extend for more than one 30-day extension from the Supreme Court, and nothing Petitioner offers in his motion justifies departing from that decision.

This Court has already rejected Petitioner's arguments for a further stay of the mandate. On the same day this Court denied the petition for rehearing en banc, Petitioner sought a stay of the mandate pending the filing and disposition of a petition

for a writ of certiorari. Dkt. 157. This Court initially granted that request, providing that the mandate should be "stayed pending the Appellee's Filing of a Petition for Certiorari." Dkt. 160 at 1. But the Court then changed course and ordered that the mandate be "stayed for 90 days from the date the Court entered its order denying Mahmoud Khalil's Petition for Rehearing, which was on May 22, 2026," and, if Petitioner sought an extension from the Supreme Court, "for an additional 30 days or for the duration of the extension from the Supreme Court, whichever period is shorter." Dkt. 162 at 1; *supra*, p. 3. In other words, this Court gave Petitioner 120 days to file his petition for a writ of certiorari with the benefit of a stay of the mandate. And in so doing, the Court rejected Petitioner's position that the duration of the mandate stay should match the total length of extensions for filing a certiorari petition that Petitioner might secure from the Supreme Court.

Petitioner offers no reason for this Court to change its mind and extend the duration of the stay of the mandate. He purports to "incorporate[] the arguments he previously made in support of his initial" stay motion, Dkt. 167, but this Court limited Petitioner to one 30-day extension *over* those objections. Those arguments cannot now justify the relief they were insufficient to secure before. Nor has Petitioner shown that he was somehow unable to prepare his petition for certiorari within the 120 days he was given. In his motion, he vaguely alludes to "the recently arisen unavailability of lead counsel from the ACLU, the ACLU's state affiliates, and the CLEAR Project." Dkt. 167 at 3. Whatever that means, it does not explain why his counsel are unable to

prepare and file the petition within the 120-day timeframe. In his extension application in the Supreme Court, Petitioner says that a conflict arose *on September 3* that prevents the ACLU, its state affiliates, and the CLEAR Project to continue to represent him. *See* Second Application for 30-day Extension of Time to File a Petition for a Writ of Certiorari at 4, No. 26A90 (Sept. 9, 2026).[1] He does not explain the reason why his current counsel could not complete and file a certiorari petition within the 120 days allowed—*especially* given the full entourage of counsel that represented Petitioner for the *104 days* that elapsed between May 22 and September 3. This Court's order staying the mandate for a maximum of 120 days was not an invitation for Petitioner's counsel to sit on their hands.

Otherwise, Petitioner argues that a further stay of the mandate is justified because there is now a circuit split between this Court's decision and the Fourth Circuit's decision in *Suri v. Trump*, 184 F.4th 260 (4th Cir. 2026), and the Government's petition from *Suri* is due "two days after Petitioner's new deadline for his petition." Dkt. 167 at 5-6. None of that has any relevance to whether Petitioner should be permitted to drag out *these* proceedings and the effectiveness of this Court's judgment by continuing to delay the filing of his certiorari petition. In any event, the Government already filed its petition in *Suri* on September 21—only *60 days* after the Fourth Circuit's decision issued

[1] https://www.supremecourt.gov/DocketPDF/26/26A90/424302/20260915140333634_2026.09.09%20Khalil%202nd%20Appl.%20for%20EOT%20PDFA.pdf

(half the time Petitioner has *already* had). *See Donald J. Trump, President of the United States, et al. v. Badar Khan Suri*, No. 26-380 (filed and docketed Sept. 21, 2026).[2] Petitioner should not be permitted to draw out these proceedings and the effect of this Court's judgment by intentionally delaying his Supreme Court proceedings.

## CONCLUSION

The Court should deny the motion to further stay the mandate.

Respectfully submitted,

*/s/ Alanna T. Duong*
ALANNA T. DUONG
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division, U.S. Dept. of Justice
PO Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-7040
alanna.duong@usdoj.gov

ANIELLO DESIMONE
JOSHUA C. MCCROSKEY
Trial Attorneys

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

BENJAMIN HAYES
Senior Counsel to the Assistant Attorney General

AUGUST E. FLENTJE
Deputy Director
Office of Immigration Litigation

Dated: September 22, 2026

Attorneys for Respondents-Appellants

[2] https://www.supremecourt.gov/Search.aspx?FileName=/docket/docketfiles/html/public\26-380.html

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(2) and 32(g) because it was prepared using Garamond type, is double-spaced, has 10.5 or fewer characters per inch, and contains 1644 words, excluding the parts exempted by Rule 32(f).

*/s/ Alanna T. Duong*
ALANNA T. DUONG
Senior Litigation Counsel
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2026, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Third Circuit by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ Alanna T. Duong*
ALANNA T. DUONG
Senior Litigation Counsel
U.S. Department of Justice